PER CURIAM.
Based on State v. Murphy, 124 So.Sd 323 (Fla. 1st DCA 2013), we affirm Appellant’s judgment and sentence and reject his argument that his convictions on Counts 3 and 4 (use of a computer service to solicit a person believed to be a minor to engage in sexual conduct, § 847.0135(3)(a), Fla. Stat. (2012), and use of a computer service to solicit a person believed to be the guardian of the minor to consent to the minor’s participation in sexual conduct, § 847.0135(3)(b), Fla. Stat. (2012)) violate double jeopardy because the offenses in those counts are subsumed within the offense for which he was convicted on Count 1 (traveling to meet a person believed to be a minor to engage in sexual conduct after soliciting the minor or the person believed to be by minor’s guardian using a computer service, § 847.0135(4), Fla. Stat. (2012)). We recognize that our sister courts have held that double jeopardy bars dual convictions under section 847.0135(3) and (4) where, as here, the solicitation and the traveling occur on the same day,[1] see Shelley v. State, 134 So.3d 1138 (Fla. 2d DCA), review granted, 147 So.3d 527 (Fla. 2014); Hartley v. State, 129 So.3d 486 (Fla. 4th DCA 2014); Pinder v. State, 128 So.3d 141 (Fla. 5th DCA 2013), and as we have done'in prior cases, we certify conflict with those decisions.
AFFIRMED; CONFLICT CERTIFIED.
WETHERELL, ROWE, and MAKAR, JJ., concur.

. Appellant responded to a Craigslist posting and sent sexually-explicit texts and emails to undercover officers posing as a 14-year old girl and her uncle starting shortly after midnight on October 13, 2013, and he was arrested at 9:15 p.m. that same day after driving from Duval County to what he thought was the girl's residence in Clay County in order to have sex with her.