# Supreme Court of Florida

_____

No. SC14-755
_____

**STATE OF FLORIDA**,
Petitioner,

vs.

**DEAN ALDEN SHELLEY**,
Respondent.

[June 25, 2015]

POLSTON, J.

In the double jeopardy case on review, the Second District Court of Appeal certified conflict with a decision from the First District Court of Appeal on the issue of whether the Florida Legislature explicitly stated its intent in the Computer Pornography and Child Exploitation Prevention Act, section 847.0135, Florida Statutes (2011), to allow separate convictions for conduct that violates both section 847.0135(3)(b)'s prohibition against solicitation and section 847.0135(4)(b)'s prohibition against traveling after solicitation. See Shelley v. State, 134 So. 3d 1138, 1141-42 (Fla. 2d DCA 2014) (holding that the Legislature did not explicitly state its intent to allow for dual convictions based upon the same conduct and

certifying conflict with the First District's decision to the contrary in State v. Murphy, 124 So. 3d 323, 330 (Fla. 1st DCA 2013) (holding that the Legislature "expressly intended to punish both acts")).[1] For the reasons below, we approve the Second District's decision in Shelley and disapprove the First District's decision in Murphy on the issue of the Legislature's intent.

## BACKGROUND

"Dean Shelley responded to a Craigslist ad posted in the Casual Encounters section by a police officer posing as a single mother nudist 'looking for family fun.'" Shelley, 134 So. 3d at 1139. Over the course of several days, Shelley made arrangements via electronic communications, including e-mail, instant messenger, and text message, to have sex with the "mother" and her fictitious ten-year-old daughter. Id. Shelley was arrested when he arrived at the arranged meeting place. Id.

The State charged Shelley with a single violation of section 847.0135(3)(b), which prohibits the use of computer services or devices to solicit the consent of a parent or a person believed to be the parent, legal guardian, or custodian of a child to engage in unlawful sexual conduct with the child. In addition, the State charged Shelley with a single violation of section 847.0135(4)(b), which prohibits traveling

---

1. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

to meet a minor to engage in unlawful sexual conduct after using computer services or devices to make a prohibited solicitation.[2] The State relied upon the same conduct to charge both offenses.

Shelley moved to dismiss, arguing, among other things, that dual convictions for solicitation and traveling after solicitation based upon the same conduct violate the constitutional prohibition against double jeopardy because solicitation is a lesser-included offense of traveling after solicitation. The trial court denied Shelley's motion, and Shelly pled guilty, but reserved his right to appeal the denial of his motion to dismiss. In accordance with his plea, Shelley was sentenced to ten years in prison followed by five years of sex-offender probation for the traveling conviction. He was also sentenced to five years in prison for the solicitation conviction to be served concurrently with his sentence for the traveling conviction.

On appeal, the Second District held that Shelley's convictions for solicitation and traveling after solicitation impermissibly place him in double jeopardy because the Legislature has not explicitly stated its intent to allow separate convictions for these offenses based upon the same conduct and because

---

2. Shelley was also charged with attempted sexual battery upon a child less than twelve years of age, but the trial court granted Shelley's motion to dismiss that count after the State conceded there was insufficient evidence to support a conviction.

the solicitation offense is subsumed by the traveling offense.  Shelley, 134 So. 3d

at 1141-42.  Accordingly, the Second District vacated Shelley's conviction and

sentence for the lesser offense of solicitation.  Id. at 1142.  In so holding, the

Second District certified conflict with the First District's decision in Murphy on

the issue of the Legislature's intent.  Id.

## ANALYSIS

As this Court has explained, both the United States and Florida Constitutions

contain double jeopardy clauses that "prohibit[] subjecting a person to multiple

prosecutions, convictions, and punishments for the same criminal offense."  Valdes

v. State, 3 So. 3d 1067, 1069 (Fla. 2009).[3]  However, "[d]espite this constitutional

protection, there is no constitutional prohibition against multiple punishments for

different offenses arising out of the same criminal transaction as long as the

Legislature intends to authorize separate punishments."  Id.  Accordingly, "[t]he

prevailing standard for determining the constitutionality of multiple convictions for

offenses arising from the same criminal transaction is whether the Legislature

'intended to authorize separate punishments for the two crimes.' "  Gordon v.

_____

3. The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  Similarly, article I, section 9, of the Florida Constitution provides that "[n]o person shall be . . . twice put in jeopardy for the same offense."  Art. I, § 9, Fla. Const.

- 4 -

State, 780 So. 2d 17, 19 (Fla. 2001), receded from on other grounds by Valdes, 3 So. 3d 1067 (quoting M.P. v. State, 682 So. 2d 79, 81 (Fla. 1996)).

"[A]bsent an explicit statement of legislative intent to authorize separate punishments for two crimes, application of the Blockburger[ v. United States, 284 U.S. 299 (1932),] 'same-elements' test pursuant to section 775.021(4), Florida Statutes[,] is the sole method of determining whether multiple punishments are double-jeopardy violations." Gaber v. State, 684 So. 2d 189, 192 (Fla. 1996) (footnote omitted). This test "inquires whether each offense contains an element not contained in the other; if not, they are the same offense," and double jeopardy principles prohibit separate convictions and punishments based upon the same conduct. M.P., 682 So. 2d at 81.

To resolve the conflict between the First and Second Districts concerning the Legislature's intent, we look to the plain language of section 847.0135.[4] See State v. Anderson, 695 So. 2d 309, 311 (Fla. 1997) ("Legislative intent is the polestar that guides our analysis in double jeopardy issues[.]").

The solicitation statute provides in pertinent part:

(3) CERTAIN USES OF COMPUTER SERVICES OR DEVICES PROHIBITED.—Any person who knowingly uses a computer online service, Internet service, local bulletin board service,

---

4. We review this legal issue de novo. See Pizzo v. State, 945 So. 2d 1203, 1206 (Fla. 2006) ("A double jeopardy claim based upon undisputed facts presents a pure question of law and is reviewed de novo.").

- 5 -

or any other device capable of electronic data storage or transmission to:

> . . .
>
> (b)  Solicit, lure, or entice, or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct, commits a felony of the third degree[.]

§ 847.0135(3)(b), Fla. Stat.

The traveling statute criminalizes traveling to meet the minor for the purpose of engaging in unlawful sexual conduct after making a prohibited solicitation:

> (4)  TRAVELING TO MEET A MINOR.—Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
>
> . . .
>
> (b)  Solicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct, commits a felony of the second degree[.]

§ 847.0135(4)(b), Fla. Stat.

Nothing in either subsection authorizes separate convictions for conduct that violates both subsection (3)(b) and (4)(b).  Nevertheless, the State argues that we

should approve the First District's decision in <u>Murphy</u> that the Legislature explicitly stated its intent by defining solicitation and traveling after solicitation as separate offenses and by punishing them as different degrees of felonies.  <u>See</u> <u>Murphy</u>, 124 So. 3d at 330-31.  However, the fact that the Legislature created two nominally different crimes is insufficient to establish an explicit statement of legislative intent to allow separate convictions for those crimes based upon the same conduct.  <u>Compare</u> <u>State v. Paul</u>, 934 So. 2d 1167, 1172 (Fla. 2006) ("find[ing no] clear statement of legislative intent" to allow dual convictions based upon the same conduct in a statute that separately defined and criminalized various acts of lewd or lascivious conduct), <u>receded from on other grounds by</u> <u>Valdes</u>, 3 So. 3d 1067, <u>with</u> <u>M.P.</u>, 682 So. 2d at 82 (holding that the Legislature "clearly stated its intent to punish possession of a firearm by a minor in addition to any other firearm-related offenses" by stating that the possession statute is " '<u>supplemental</u> to all other provisions of law relating to the possession, use, or exhibition of a firearm' ") (quoting § 790.22(7), Fla. Stat. (Supp. 1994)).

Moreover, though the State also argues that the Legislature demonstrated its intent to authorize separate convictions because section 847.0135(3) provides that each separate use of a computer service or device to solicit may be charged as a separate offense, this statement pertains only to charging solicitation offenses.  It does not address what effect charging a solicitation offense has on the State's

ability to use the same solicitation to charge the defendant with traveling after solicitation.

Similarly, though the State also points to section 847.0135(8)'s statement that prosecuting a person for "an offense" under section 847.0135 "shall not prohibit" that person's prosecution "for a violation of any law of this state" as an explicit statement of legislative intent to allow dual convictions, subsection (8) does not purport to address prosecution for multiple offenses under section 847.0135.[5]  Instead, when read in context, subsection (8) refers to the effect that prosecuting a person under section 847.0135 has on the ability of the State and other jurisdictions to prosecute that person for violations of other laws.

Based on the plain language of section 847.0135, we hold that the Legislature has not explicitly stated its intent to authorize separate convictions and punishments for conduct that constitutes both solicitation under subsection (3)(b) and traveling after solicitation under subsection (4)(b).  Moreover, because the

---

5.  Section 847.0135(8) provides:

> (8)  EFFECT OF PROSECUTION.—Prosecution of any person for an offense under this section shall not prohibit prosecution of that person in this state or another jurisdiction for a violation of any law of this state, including a law providing for greater penalties than prescribed in this section or any other crime punishing the sexual performance or the sexual exploitation of children.

§ 847.0135(8), Fla. Stat.

statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation, the offenses are the same for purposes of the Blockburger same-elements test codified in section 775.021(4), Florida Statutes. See § 775.021(4)(a), Fla. Stat. (2011) ("[O]ffenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial."); see also Pizzo, 945 So. 2d at 1206-07 (holding grand theft is a lesser offense of organized fraud because all the statutory elements of grand theft are subsumed by the statutory elements of organized fraud). Therefore, double jeopardy principles prohibit separate convictions based upon the same conduct.

Accordingly, because Shelley's dual convictions for solicitation and traveling after solicitation based upon the same conduct impermissibly place him in double jeopardy, the Second District properly vacated Shelley's solicitation conviction and sentence because solicitation is the lesser offense. See id. ("When an appellate court determines that dual convictions are impermissible, the appellate court should reverse the lesser offense conviction and affirm the greater. . . . [L]esser offenses 'are those in which the elements of the lesser offense are always subsumed within the greater, without regard to the charging document or evidence at trial.' ") (quoting State v. Florida, 894 So. 2d 941, 947 (Fla. 2005)).

# CONCLUSION

For the foregoing reasons, we approve the Second District's decision in

Shelley and disapprove the First District's decision in Murphy.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

   Second District - Case No. 2D13-1941

   (Hillsborough County)

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Robert Jay Krauss, Bureau Chief, and Susan D. Dunlevy, Assistant Attorney General, Tampa, Florida,

   for Petitioner

Victoria Elizabeth Hatfield of O'Brien Hatfield Teal, PA, Tampa, Florida,

   for Respondent

William Rudolf Ponall of Snure & Ponall, P.A., Winter Park, Florida; Sonya Rudenstine, Gainesville, Florida; and Karen Marcia Gottlieb, Coconut Grove, Florida,

   for Amicus Curiae Florida Association of Criminal Defense Lawyers