NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STUARD ANTONIO MEYTHALER,          )
                                   )
          Appellant,               )
                                   )
v.                                 )          Case No. 2D14-4364
                                   )
STATE OF FLORIDA,                  )
                                   )
          Appellee.                )
_____    )

Opinion filed September 25, 2015.

Appeal from the Circuit Court for Manatee
County; John F. Lakin, Judge.

Howard L. Dimmig, II, Public Defender, and
Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.


CASANUEVA, Judge.

          Stuard Antonio Meythaler appeals his judgments and sentences for

traveling to seduce, solicit, or entice a minor for sex in violation of section

847.0135(4)(a), Florida Statutes (2013), and using a computer to seduce, solicit, or

entice a minor for sex in violation of section 847.0135(3)(a).  He argues that a conviction

and sentence for both offenses violates the prohibition against double jeopardy. We agree and reverse based on the Florida Supreme Court's recent holding in State v. Shelley, 40 Fla. L. Weekly S362 (Fla. June 25, 2015).

On February 15, 2013, detectives with the Manatee County Sheriff's Office placed an ad on Craigslist stating they were two females "looking to have some fun tonite." Mr. Meythaler responded to the ad and attempted to make plans to meet them. During this initial conversation, the detectives told Mr. Meythaler that they were fourteen and fifteen years old. More emails and texts followed and Mr. Meythaler eventually made definite plans to meet the girls on March 18. When Mr. Meythaler arrived at a prearranged location, he sent a text message indicating that they would have sex. Until that point, nothing sexual had been discussed.

Mr. Meythaler filed a motion to dismiss arguing that multiple punishments based on one course of conduct violated the prohibition against double jeopardy. However, he never set a hearing for the motion and the trial court never ruled on the motion. Mr. Meythaler then entered a plea of no contest to the two charges, was adjudicated guilty, and was sentenced to two years of probation. At the change of plea hearing, it appears that both Mr. Meythaler and the State may have had the mistaken belief that the trial court had denied the motion to dismiss. Mr. Meythaler specifically reserved the right to raise the double jeopardy issue on appeal: "we are reserving the right to appeal both the first motion to dismiss and second motion to dismiss that the Court ruled on."

We note that at the change of plea hearing, the State alleged that Mr. Meythaler traveled on a different day than he used the computer. The State asserted

that the information should have alleged that the solicitation offense occurred on February 15, 2013.  However, the State made no attempt to amend the information.  If the State had moved to amend the information, it could have alleged a separate count for communications that occurred on February 15, 2013.  See Hartley v. State, 129 So. 3d 486, 489-90 (Fla. 4th DCA 2014) (holding that there was sufficient evidence to prove three counts of using a computer to solicit a minor even where the communications on two of the three days did not contain explicit sexual discussions).

We conclude that Mr. Meythaler is not precluded from raising this issue on appeal even though the trial court did not rule on his motion to dismiss.  A defendant can raise a double jeopardy argument for the first time in an appeal "(1) where the defendant entered a general plea, (2) where the double jeopardy violation is apparent on the face of the record, and (3) where nothing in the record indicates that the defendant waived his right to claim a double jeopardy violation."  Smith v. State, 973 So. 2d 1209, 1210 (Fla. 2d DCA 2008); see also Novaton v. State, 634 So. 2d 607, 609 (Fla. 1994) (same).  Here, Mr. Meythaler entered a general plea and there is nothing in the record indicating that he waived his right to claim a double jeopardy violation.  Further, because the only solicitation offense alleged in the information occurred on the same day as the traveling offense, the double jeopardy violation is apparent on the face of the record.

In Shelley, 40 Fla. L. Weekly at S363, the appellee was accused of using computer services or devices to solicit the consent of a parent to engage in unlawful sexual conduct with a child in violation of section 847.0135(3)(b), Florida Statutes (2011).  In addition, he was accused of violating section 847.0135(4)(b) by traveling to

meet a minor to engage in unlawful sexual conduct after using computer services or devices to make a prohibited solicitation. Id. Both offenses were based on the same conduct. Id. We note that the statutory sections involved in Shelley directly parallel those in the instant case.

The supreme court noted that "there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments." Id. (quoting Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009)). In concluding that double jeopardy principles prohibited separate convictions based upon the same conduct in that case, the court held as follows:

> [T]he Legislature has not explicitly stated its intent to authorize separate convictions and punishments for conduct that constitutes both solicitation under subsection (3)(b) and traveling after solicitation under subsection (4)(b). Moreover, because the statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation, the offenses are the same for purposes of the Blockburger same-elements test codified in section 775.021(4), Florida Statutes.

Id. at S364 (citing Blockburger v. United States, 284 U.S. 299 (1932)).

The holding in Shelley is binding in this case. In Kim v. State, 154 So. 3d 1168 (Fla. 2d DCA 2015), as in the present case, the appellant was charged with violating sections 847.0135(3)(a) and 847.0135(4)(a). This court held that the analysis in Shelley v. State, 134 So. 3d 1138 (Fla. 2d DCA 2014),[1] applies equally to the charges arising from the subsections involved in the present case. Id. at 1169.

---

[1]This court's opinion was approved by the Florida Supreme Court in Shelley, 40 Fla. L. Weekly S362.

Accordingly, Mr. Meythaler's convictions and sentences for solicitation and traveling after solicitation based upon the same conduct impermissibly place him in double jeopardy.  We affirm the conviction and sentence for traveling and vacate the conviction and sentence for soliciting.  See Shelley, 40 Fla. L. Weekly at S364; Kim, 154 So. 3d at 1170.

Affirmed in part and vacated in part.

VILLANTI, C.J., and MORRIS, J., Concur.