DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KIRK READY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-2870

[January 20, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Sandra McSorley, Judge; L.T. Case No. 502012CF008622AXXXMB.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, C.J.

The appellant challenges his convictions and sentences for four crimes arising out of his solicitation of a minor over the internet. He argues, among other things, that one of his convictions is barred by double jeopardy principles. We agree, and as to count one, reverse the conviction and sentence.

The state charged the appellant in a four-count information. For count one, the appellant was charged with a violation of section 847.0135(3), Florida Statutes (2012), which provides:

> (3) **Certain uses of computer services or devices prohibited.**--Any person who knowingly uses a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
>
> (a) Seduce, solicit, lure, or entice, or attempt to seduce,

solicit, lure, or entice, a child or another person believed to be a child, to commit any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any unlawful sexual conduct with a child or with another person believed by the person to be a child; . . .

. . . .

commits a felony of the third degree . . . .

§ 847.0135(3)(a), Fla. Stat. (2012).

For count two, the state charged the appellant with a violation of section 847.0135(4), which provides:

(4) **Traveling to meet a minor.--**Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:

(a) Seduce, solicit, lure, or entice or attempt to seduce, solicit, lure, or entice a child or another person believed by the person to be a child, to engage in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child; . . .

. . . .

commits a felony of the second degree . . . .

The state's evidence at jury trial established that a detective posing as a male minor responded to an advertisement which the appellant placed on Craigslist,[1] seeking a young male to engage in sexual acts. Beginning

---

[1] Craigslist is a website providing classified advertisements for, among other things, jobs, items for sale, and personals.

early in the afternoon, the two exchanged a series of e-mails. After exchanging cell phone numbers, they began texting one another. At 6:08 p.m., the detective, posing as the minor, texted, "Brb gonna eat quick." The two exchanged more texts, the last one occurring at 6:14 p.m. Then there was a break until 6:35 p.m., when the detective indicated he was "[b]ack." The appellant responded at 6:44 p.m., explaining that he had stepped out. The texting continued into the evening hours, culminating in an agreement to meet at a specified restaurant. After law enforcement officers apprehended the appellant near the restaurant, he gave incriminating statements during a police interrogation.

The jury found the appellant guilty as charged. He argues his convictions on counts one and two violate double jeopardy because the elements of count one are subsumed within count two and the two offenses were actually one continuing act that occurred on the same day.

"Because double jeopardy issues involve purely legal determinations, the standard of review is de novo." *Benjamin v. State*, 77 So. 3d 781, 783 (Fla. 4th DCA 2011).

> [B]oth the United States and Florida Constitutions contain double jeopardy clauses that "prohibit[ ] subjecting a person to multiple prosecutions, convictions, and punishments for the same criminal offense." However, . . . "there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments."

*State v. Shelley*, 176 So. 3d 914, 917 (Fla. 2015) (internal citation and footnote omitted) (quoting *Valdes v. State*, 3 So. 3d 1067, 1069 (Fla. 2009)). The Florida Supreme Court has explained that if the legislature has not expressed an intent to authorize separate punishments for two crimes arising out of one criminal episode, then a court must apply the test recited in *Blockburger v. United States*, 284 U.S. 299 (1932), which has been codified in section 775.021(4), Florida Statutes. *Shelley*, 176 So. 3d at 917. "This test 'inquires whether each offense contains an element not contained in the other; if not, they are the same offense,' and double jeopardy principles prohibit separate convictions and punishments based upon the same conduct." *Id.* at 918 (quoting *M.P. v. State*, 682 So. 2d 79, 81 (Fla. 1996)).

The state claims that the legislature authorized separate punishments for violations of subsections 847.0135(3) and (4), but the Florida

3

Supreme Court recently rejected that argument. *See id.* at 918-19. Although *Shelley* involved violations of sections 847.0135(3)(b) and (4)(b), and this case involves violations of sections (3)(a) and (4)(a), this does not impact the court's finding in *Shelley* that the statute does not contain an explicit statement of intent for separate punishments.[2]

---

[2] Section 847.0135(3)(b), Florida Statutes (2012), provides as follows:

> (3) **Certain uses of computer services or devices prohibited.--**Any person who knowingly uses a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
>
> . . . .
>
> (b) Solicit, lure, or entice, or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,
>
> commits a felony of the third degree . . . .

Section 847.0135(4)(b), Florida Statutes (2012), provides as follows:

> (4) **Traveling to meet a minor.--**Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
>
> . . . .
>
> (b) Solicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,
>
> commits a felony of the second degree . . . .

The next question then is whether, under section 775.021(4), double jeopardy applies to bar the dual convictions. The statute provides the following:

> (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense . . . . For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
>
> (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
>
> 1.  Offenses which require identical elements of proof.
>
> 2.  Offenses which are degrees of the same offense as provided by statute.
>
> 3.  Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021(4), Fla. Stat. (2012).

In *Hartley v. State*, 129 So. 3d 486 (Fla. 4th DCA 2014), the convicted defendant also argued that his convictions for violations of sections 847.0135(3)(a) and (4)(a) violated double jeopardy. This court broke down the elements of each offense and found that soliciting a minor in violation of section 847.0135(3)(a) is subsumed by the offense of traveling to meet a minor in violation of section 847.0135(4)(a):

> Traveling to meet a minor includes the following four elements: (1) knowingly traveling within this state, (2) for the purpose of engaging in any illegal act (in violation of chapters 794, 800, or 827, or other unlawful sexual conduct) with the victim after using a computer or other electronic data storage transmission to contact a child, (3) the victim was a child or person believed by the defendant to be a child, and (4) the

5

defendant seduced, solicited, lured, enticed or attempted to do so to engage in the illegal act or unlawful sexual conduct. The elements of soliciting a child for unlawful sexual conduct using computer services or devices are: (1) defendant knowingly used a computer online service, internet or other device capable of electronic data storage to contact the victim, (2) the victim was a child or person believed by the defendant to be a child, and (3) the defendant seduced, solicited, lured, or enticed the victim to engage in any illegal act as charged in the indictment or information under chapters 794, 800, or 827, or other unlawful sexual conduct.

This review indicates that all the elements of soliciting a child are included within the offense of traveling to meet a minor; traveling to meet a minor contains an element that is not an element of soliciting a child, namely, knowingly traveling within the state. Therefore, because all the elements of soliciting are included in the traveling offense, it appears that section 775.021(4)(b)3. applies to counts III and IV, and the elements of the lesser offense are subsumed in the greater offense.

*Id.* at 491 (citations omitted).

Additionally, the reasoning in *Shelley* supports a finding that the convictions here violated double jeopardy. The court wrote: "[B]ecause the statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation, the offenses are the same for purposes of the *Blockburger* same-elements test codified in section 775.021(4), Florida Statutes." 176 So. 3d at 919. The fact that the court in *Shelley* was addressing sections 847.0135(3)(b) and (4)(b) is of no significance. The reasoning applies equally to sections (3)(a) and (4)(a), as the elements of section (3)(a) are entirely subsumed by the elements of section (4)(a) and thus the dual convictions violate double jeopardy. *See Meythaler v. State*, 175 So. 3d 918, 920 (Fla. 2d DCA 2015) (finding that the analysis in *Shelley* applied to convictions for violations of sections 847.0135(3)(a) and (4)(a)).

The state attempts to evade the *Blockburger* analysis by arguing that the solicitation and traveling offenses were separated in time. This argument is based solely on a twenty-one minute break in the text conversation, which occurred after the detective texted that he would be right back. The state relies on a portion of *Hartley*, in which this court recognized that separate punishments for multiple solicitations of a

minor is permissible if there are "separations of time between each of the crimes charged." *Hartley*, 129 So. 3d at 490. However, this case does not involve such a scenario. Here, the state charged one solicitation; that solicitation charge formed the basis for the traveling charge and was entirely subsumed by the traveling charge. Under these circumstances, double jeopardy bars dual convictions. *See Shelley*, 176 So. 3d at 919 ("Accordingly, because Shelley's dual convictions for solicitation and traveling after solicitation *based upon the same conduct* impermissibly place him in double jeopardy, the Second District properly vacated Shelley's solicitation conviction and sentence because solicitation is the lesser offense.") (emphasis added).

Based on the foregoing, we affirm the convictions on counts two through four, but we reverse the conviction and sentence on count one and remand for the trial court to vacate the conviction and sentence on count one and to resentence the appellant on the remaining counts. We find no merit to the other issues the appellant raises on appeal and decline to address them.

*Affirmed in part, Reversed in part, and Remanded for vacation of count one conviction and sentence, and resentencing on counts two through four.*

GROSS and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***