IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TIMOTHY M. ANDERSON, JR.,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-207

_____/

Opinion filed April 27, 2016.

An appeal from the Circuit Court for Leon County.
James O. Shelfer, Judge.

Nancy A. Daniels, Public Defender, and Courtenay H. Miller, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Appellant, Timothy M. Anderson, appeals his dual convictions for using a computer or other device to solicit consent from a person believed to be the custodian of a person believed to be a minor to the minor's participation in sexual conduct, in violation of section 847.0135(3)(b), Florida Statutes (2011) ("solicitation"), and traveling to meet a person believed to be a minor after using a computer or other

device to solicit consent by a person believed to be the purported minor's custodian, in violation of section 847.0135(4)(b) ("traveling"). Because we agree that under the facts of this case, the solicitation offense was subsumed within the traveling offense, we vacate Anderson's conviction and sentence for solicitation.

The Florida Supreme Court recently examined the precise subsections at issue in this case, and held that when the State relies upon the same conduct to support solicitation and traveling charges, convictions for both will violate the prohibition against double jeopardy. State v. Shelley, 176 So. 3d 914 (Fla. 2015). The court determined that "the statutory elements of solicitation are entirely subsumed by the elements of traveling," and the legislature has not explicitly stated an intent to authorize separate punishments for the two offenses when they are based on the same underlying conduct. Id. at 919.

We observe that where multiple counts of solicitation are alleged, the legislature has expressly authorized charging each solicitation as a separate offense. See § 847.0135(3)(b), Fla. Stat. Consequently, where the State charges the defendant with multiple counts of solicitation and also charges the defendant with traveling, so long as different conduct is alleged with regard to the solicitation and traveling charges, dual convictions will not violate the defendant's double jeopardy rights. See Meythaler v. State, 175 So. 3d 918, 919 (Fla. 2d DCA 2015) (vacating conviction and sentence for solicitation where information alleged only single counts

2

of solicitation and traveling based on the same conduct, but noting that if the State had amended the information to allege additional communications that occurred, these counts would have survived).

Here, however, the conduct involved a single solicitation. The State charged Anderson with single counts of solicitation and traveling based on the same conduct. Accordingly, and as properly conceded by the State, we are constrained to affirm the conviction and sentence for traveling and vacate the conviction and sentence for solicitation. See Shelley, 176 So. 3d at 919; See also Johnston v. State, 41 Fla. L. Weekly D499 (Fla. 1st DCA Feb. 26, 2016). We reject Anderson's remaining arguments without comment.

AFFIRMED IN PART AND VACATED IN PART.

ROWE, RAY, and SWANSON, JJ., CONCUR.