SALARIO, Judge.
Tyler Mahar appeals his convictions and sentences for one count of using a computer to solicit a person to commit a sex act on a child in violation ■. of section 847.1085(3)(b), Florida Statutes (2012), and one count of traveling to meet a person to solicit or entice a minor to commit a sex act in violation.of section 847.0135(4)(b). He pleaded no contest and received a downward departure sentence for each offense of one year of community control followed by four years of sex offender probation.[1] In light of State v. Shelley, 176 So.3d 914 (Fla.2015), under which Mr. Mahar’s dual convictions for offenses involving acts committed within the same episode violate double jeopardy, we affirm the conviction for traveling to meet a person to solicit a minor, and reverse the conviction for using a computer to solicit a person to -commit a sex. act on a child.
In Shelley, the supreme court approved a decision of this court — Shelley v. State, 134 So.3d 1138 (Fla. 2d DCA 2014) — holding that the offense of using a computer to' solicit is subsumed by the greater offense of traveling and, as a result, that double jeopardy bars dual convictions for solicitation and traveling based on the same conduct. Shelley, 176 So.3d at 917-20. Mr. Mahar entered his plea after our decision in Shelley but before the supreme court issued its opinion. His trial attorney did not raise the double jeopardy issue in a motion to dismiss or reserve it for appeal as part of his plea. The issue is reviewable'in this case notwithstanding the lack, of preservation,■ however, because a double jeopardy violation constitutes fundamental error where,'as here, the defendant pleaded open, the error is apparent on the face of the record, and the defendant has not'waived the issue. Meythaler v. State, 175 So.3d 918, 919 (Fla. 2d DCA 2015); see also Bailey v. State, 21 So.3d 147, 149 (Fla. 5th DCA 2009).
*1125 On the merits,-the State contends that a temporal break in’ the relevant events could allow both convictions to stand in spite of Shelley. Although there was no detailed factual basis prowled at the plea hearing, the facts alleged in the information and Mr. Mahar’s motion to dismiss show that Mr. Mahar engaged in online correspondence with undercover officers posing as an aunt seeking sexual partners for her underage niece and nephew. Mr. Mahar responded to an online ad, and the relevant communications ' happened over the course of one night and the following day. Mr. Mahar was made aware of the age of the niece, about whom he had expressed an interest. Arrangements were made, and he traveled to meet the girl and her purported aunt the following day. He was arrested when he arrived at the designated location. The conversations begañ on March 21 and continued on March 22. He was arrested the evening of March 22.
Although the. State attributes significance to the time that elapsed between the conversations on March 21 and the conversations and traveling on March 22, we see no material difference between these facts and those in Shelley. As in Shelley, the communications forming the basis of the soliciting charge lasted more than one day; indeed, the communications in Shelley transpired over an even longer period of time than those at issue here. 176 So.3d at 916. Like Shelley, the State here charged Mr. Mahar with one count of solicitation based on those multiday communications and made no subsequent effort to charge the conduct in multiple, separate counts of solicitation. See also Meythaler, 175 So.3d at 919 (“We. note that at .the change of plea hearing,.the State alleged that Mr. Meythaler traveled on a different day than he used the computer. The State asserted that the information should have alleged that the solicitation offense occurred on February 15, 2013. However, the State made no attempt to amend the information. If the State had moved to amend the information, it could have alleged a separate count for communications that occurred on February 15, 2013.”). In Shelley, both this court and the supreme court held that the defendant’s “dual convictions for solicitation and traveling after solicitation based upon the same conduct impermissibly place[d] him in double jeopardy.” 176 So.3d at 919. The State has identified no reason why this case differs from Shelley in any way that matters to that outcome.
Moreover, the supreme court in Shelley considered and rejected the State’s argument that the legislature intended to allow for multiple convictions that treat each instance of online communication as a separate offense, thereby also allowing for a conviction for both the communications and traveling for the same conduct. 176 So.3d at 919 (“[Tjhough the State also argues that the Legislature demonstrated its intent to authorize séparate convictions because section 847.0135(3) provides that each separate use of a computer service or device to solicit may be charged as a separate offense, this statement pertains only to charging solicitation offenses. It does not address what effect charging a solicitation offense has on the State’s ability to use the same solicitation to charge the defendant with traveling after solicitation.”). That is, in substance, what- the State asks us to do here.
Based on Shelley and the specific facts of Mr. Mahar’s case, the count for using a computer to solicit was subsumed by the traveling offense. We therefore affirm the conviction and sentence for the traveling offense, reverse the conviction for using a computer to solicit offense, and remand for the trial court to vacate the conviction and sentence entered on that subsumed offense. '
*1126 Affirmed in part; reversed in part; remanded with instructions.
NORTHCUTT and LaROSE, JJ., Concur.

. Mr. Mahar was also charged with and entered a no contest plea to a single count of possession of cannabis. This charge is not at issue here, and we affirm the conviction and sentence without further comment.