IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RYAN McCARTHY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-2387

Opinion filed June 15, 2016.

An appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General; Samuel B. Steinberg and Kathryn Lane, Assistant Attorneys General, Tallahassee, for Appellee.

ON REMAND FROM THE FLORIDA SUPREME COURT

ROWE, J.

The Florida Supreme Court quashed the decision of this Court reported at 145 So. 3d 222 (Fla. 1st DCA 2014), and remanded for reconsideration in light of its decision in State v. Shelley, 176 So. 3d 914 (Fla. 2015). The only issue now before this Court is whether Ryan McCarthy's convictions for unlawful use of a

computer service and traveling to meet a minor violate double jeopardy. In response to our show cause order, the State concedes that the reasoning in <u>Shelley</u> is equally applicable to these facts even though <u>Shelley</u> involved violations of sections 847.0135(3)(b) and (4)(b), Florida Statutes, and this case involves violations of sections 847.0135(3)(a) and (4)(a), Florida Statutes. <u>Id.</u> at 918-19. Here, McCarthy was charged with a single count of unlawful use of a computer service and a single count of traveling to meet a minor; both of these charges were based on the same conduct.[*] Because both of these charges were based on the same conduct, we REVERSE and REMAND with instructions for the trial court to vacate his conviction and sentence for unlawful use of a computer service as it is the lesser offense. <u>Id.</u> at 919. We AFFIRM his remaining convictions and sentences.

WOLF and OSTERHAUS, JJ., CONCUR.

---

[*] We note that the outcome of this case would have been different if the State had charged McCarthy with multiple counts of solicitation and traveling based on different conduct. <u>See</u> <u>Meythaler v. State</u>, 175 So. 3d 918, 919 (Fla. 2d DCA 2015) (vacating conviction and sentence for solicitation where information alleged only single counts of solicitation and traveling based on the same conduct, but noting that if the State had amended the information to allege additional communications that occurred, these counts would have survived).