IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LAWRENCE D. BROWN
MCCARTER,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-869

Opinion filed September 8, 2016.

An appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

Nancy A. Daniels, Public Defender and Joanna Aurica Mauer, Assistant Public Defender, for Appellant.

Pamela Jo Bondi, Attorney General and Matthew Pavese, Assistant Attorney General, for Appellee.

OSTERHAUS, J.

We affirm the seven issues Appellant raises on appeal without comment, except for discussing the double jeopardy he raises related to State v. Shelley, 176 So. 3d 914 (Fla. 2015).

Appellant argues that his dual convictions for soliciting a minor and travelling to meet a minor for sex constitute a violation of double jeopardy under Shelley. Both the federal and state Constitutions protect defendants against multiple convictions for the same crime. See Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009). And under Shelley, convictions for solicitation (see § 847.0135(3), Florida Statutes), and traveling after solicitation (see § 847.0135(4), Florida Statutes), cannot stand if they are based upon the same conduct.

We affirm in this case because Appellant's solicitation and traveling convictions did not arise from the same criminal transaction and were distinct criminal acts. To determine if multiple offenses arise from the same conduct, courts consider things like "whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a 'temporal break' between offenses." State v. Paul, 934 So. 2d 1167, 1172-73 (Fla. 2006) (*overruled on other grounds* by Valdes, 3 So. 3d at 1077). See also Cabrera v. State, 884 So. 2d 482, 484 (Fla. 5th DCA 2004) (holding that in order for crimes to be considered to have occurred in more than one criminal episode, there must be a sufficient temporal break between the two acts in order to allow the offender to reflect and form a new criminal intent for each offense).

Here, based on the testimony and argument provided at trial, the solicitation evidence is that Appellant used social media to solicit naked photos from a 14 year-

2

old female victim more than a dozen times beginning on July 19, 2013. The State's solicitation case and argument to the jury focused on these requests for illicit pictures, which didn't involve traveling, but taking and sending pictures with a smartphone. In turn, Appellant's solicitation defense attempted to counter the State by reference to the same picture evidence: "where is the picture? They're not in evidence. Supposedly he sent a picture. . . . Didn't happen. In fairness, they don't have to [put a picture in evidence], but I would suggest to you that lack of it is circumstantial evidence that shows that it didn't happen."

Conversely, the traveling conviction was supported by evidence that Appellant messaged the victim from his phone to entice her to meetings where he would molest her. It happened multiple times. Appellant messaged and then traveled to meet her once at a church retreat, once at a movie theatre, and other times at the victim's home. The information and evidence indicated that this criminal conduct began on July 22, 2013, the date Appellant arrived at the church retreat.

The trial record thus demonstrates that this wasn't a Shelley-type case where the State used the same solicitation to charge the defendant with both solicitation and traveling after solicitation. The solicitation and traveling convictions arose from different criminal episodes and acts, which involved different dates, locations, and criminal goals—gaining illicit pictures versus arranging face-to-face hookups. Because Appellant's convictions do not violate double jeopardy, we AFFIRM.

ROBERTS, CJ. and WOLF, J., CONCUR.