IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

HAZAEL SANTIAGO-
MORALES,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1018

Opinion filed March 7, 2017.

An appeal from the Circuit Court for Leon County.
James O. Shelfer, Judge.

Andy Thomas, Public Defender, and Jennifer S. Morrissey, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.

WINSOR, J.

Hazael Santiago-Morales did not realize he was emailing an undercover officer. He thought the person he was emailing (a person he met through Craigslist) was a single mother seeking an older man to "teach" her fourteen-year-old daughter about sex. After making detailed arrangements by phone and email, Santiago-

Morales drove from the Panama City area to Tallahassee, anticipating sex with a child. Police arrested him when he arrived.

The State charged Santiago-Morales with violating section 847.0135(3)(b), Florida Statutes, "which prohibits the use of computer services or devices to solicit the consent of a parent or a person believed to be the parent, legal guardian, or custodian of a child to engage in unlawful sexual conduct with the child," *State v. Shelley*, 176 So. 3d 914, 916 (Fla. 2015), *reh'g denied* (Oct. 9, 2015). The State also charged him with violating section 847.0135(4)(b), "which prohibits traveling to meet a minor to engage in unlawful sexual conduct after using computer services or devices to make a prohibited solicitation," *id.* at 917. A jury convicted Santiago-Morales of both.

On appeal, Santiago-Morales argues entrapment and double jeopardy. We reject his entrapment arguments without discussion. But bound by the Florida Supreme Court's recent *Shelley* decision, and consistent with the State's concession, we agree with Santiago-Morales that his lesser conviction cannot stand.

In *Shelley*, which came down after the trial in this case, the state supreme court held that double-jeopardy principles prohibit separate convictions under sections 847.0135(3)(b) and 847.0135(4)(b) if "based upon the same conduct." 176 So. 3d at 919. In this case, as the State concedes, both charges were based on same conduct. Santiago-Morales solicited the fictitious mother for sex with the fictitious child, and

2

then he traveled based on that same solicitation. This is not a case in which the "solicitation and traveling convictions arose from different criminal episodes and acts," *McCarter v. State*, 204 So. 3d 529, 530 (Fla. 1st DCA 2016)—if it were, the separate convictions could stand. In this case, on the particular facts before us, *Shelley* obligates us to reverse Santiago-Morales's lesser included conviction.

We therefore reverse and remand for the trial court to vacate Santiago-Morales's conviction and sentence for violating section 847.0135(3)(b). We affirm in all other respects.

AFFIRMED IN PART and REVERSED IN PART.

ROBERTS, C.J., and LEWIS, J., CONCUR.