ON REMAND FROM THE FLORIDA SUPREME COURT
PER CURIAM.
In the early morning hours of October 13, 2013, Appellant, age 31, engaged in sexiially-explicit online communications with an undercover officer posing as a 14-year-old girl and her uncle. Among other things, Appellant told the officer posing as the girl that he was going to use his tongue on her “private area”, and then “slowly put [himjself inside [her] and .,. do that [until he’s] done and [she’s] satisfied.” That evening, Appellant traveled to what he thought was the girl’s house in order to have sex with her. Appellant was arrested. upon his arrival at the house.
Appellant was charged with four offenses, only three of which are at issue in this appeal: Count 1, traveling to meet a person believed to be a minor to engage in sexual conduct in violation of section 847.0135(4), Florida Statutes (2013); Count 3, using a computer service to solicit a person believed to be a minor to engage in sexual conduct in violation of section 847.0135(3)(a); and Count 4, using a computer service to solicit a person believed to be a minor’s guardian to allow sexual conduct with the minor in violation of section 847.0135(3)(b). Appellant pled guilty, to Count 1 and no contest to Counts 3 and 4. He was adjudicated guilty on all counts and sentenced to concurrent five-year prison terms, followed by five years of sexual offender probation.
Appellant’s five-year prison sentence was a slight downward departure from the lowest permissible sentence of 65.7 months reflected on his scoresheet.[1] However, the trial judge expressly rejected Appellant’s request for an even lower sentence, explaining that Appellant’s sentence would be “based on what [ ] record [he] has, [his] age, and the type of communication that brought [him] down here, not necessarily how many different charges the State could put on [him] .for the same activity.” The judge also emphasized that even though the multiple solicitation offenses “may have added to the guidelines they’re not going to add to what I’m going to do.”
On appeal, after his counsel filed an Anders brief, Appellant filed a pro se brief arguing that his solicitation convictions in Counts 3 and 4 violated the prohibition against double jeopardy because those offenses were subsumed within the traveling *618 offense in Count 1, and that his sentence was based on an erroneous sentencing scoresheet because it included both solicitation convictions. We rejected these arguments and affirmed Appellant’s judgment and sentence in Littleman v. State, 159 So.3d 975 (Fla. 1st DCA 2015) (Littleman I). Appellant, through counsel, sought review of Littleman I in the Florida Supreme Court, and in Littleman v. State, 2016 WL 1664985 (Fla. Apr. 27, 2016), the Court quashed Littleman I and remanded for reconsideration in light of State v. Shelley, 176 So.3d 914 (Fla. 2015).
On remand, we ordered the State to show cause why Appellant’s convictions and sentences for the two solicitation offenses should not be vacated based on Shelley. The State filed a response arguing that Shelley is not controlling here because the solicitations were two separate and distinct acts, and that even if Shelley controlled, the remedy would be to vacate only one of the two solicitation convictions. Appellant, through counsel, filed a reply arguing that both of the solicitation convictions should be vacated pursuant to Shelley. We agree with the State as to the appropriate remedy under the circumstances of this case.
Shelley held that because the statutory elements of solicitation are subsumed within the statutory elements of traveling after solicitation, double jeopardy principles prohibit separate convictions for solicitation and traveling when the offenses are “based on the same conduct.” See 176 So.3d at 919. However, where the offenses are not based on the same conduct, Shelley does not prohibit convictions for both solicitation and traveling after solicitation. See, e.g., Lee v. State, Case Nos. 1D15-943 & 1D15-945 (Fla. 1st DCA June 1, 2017) (en banc); McCarter v. State, 204 So.3d 529 (Fla. 1st DCA 2016); McCarthy v. State, 193 So.3d 1059 (Fla. 1st DCA 2016); Anderson v. State, 190 So.3d 1120, 1121 (Fla. 1st DCA 2016); Stapler v. State, 190 So.3d 162 (Fla. 5th DCA 2016); Meythaler v. State, 175 So.3d 918, 919 (Fla. 2d DCA 2015).
Here, Appellant was separately charged with and pled to solicitations involving two different victims and modes of communication: (1) text messages with the officer posing as a 14-year old girl,[2] and (2) email with the officer posing as the girl’s uncle. Because the offenses were based on different conduct, only one of the resulting solicitation convictions was necessarily subsumed in the traveling offense. Thus, Shelley only requires one of the solicitation convictions to be vacated.
Accordingly, we reverse and remand for the trial court to vacate one of Appellant’s solicitation convictions.[3] In all other respects, we affirm Appellant’s judgment and sentence.
AFFIRMED in part; REVERSED in part; REMANDED with directions.
*619 WETHERELL and ROWE, JJ., CONCUR; MAKAR, J., CONCURS SPECIALLY WITH OPINION.

. The State did not object to the downward departure.

. Although the text messages referred to multiple distinct unlawful sexual acts, the State did not take the position in this case that the text messages could support multiple solicitation convictions. Accordingly, for purposes of analyzing Appellant’s double jeopardy claim, we treat all of the text messages as a single act of solicitation.

. It does not matter which one of the solicitation convictions the trial court vacates because they were both scored the same on Appellant’s scoresheet and it is clear from the trial court’s comments at the sentencing hearing that Appellant was going to receive the same overall sentence irrespective of the number of solicitation convictions. Cf. Brooks v. State, 969 So.2d 238, 241-42 (Fla. 2007) (scoresheet error is harmless on direct appeal when the record conclusively shows that trial court would have imposed the same sentence).