MAKAR, J.,
concurring specially.
Around midnight, Clyde Littleman, Jr., sent an email response to a Craigslist personal ad (entitled “Don’t waste our time and we won’t waste yours”), the recipient being a detective pretending to be an uncle seeking someone to have sex with his 14-year-old niece. After bantering with Little-man about his fictitious niece’s availability, the detective told Littleman the niece wanted him to text her, which Littleman did, unaware that his texts (which became sexually explicit) were to the dual-role-playing detective. The record doesn’t reflect any significant break in time between the emails and texts. Later that day, Lit-tleman was arrested at a pre-arranged location where he was to meet the fictitious niece for sex, the relevant charges being (1) traveling to meet a person believed to be a minor to engage in sexual conduct after soliciting the minor or the person believed to be the minor’s guardian using a computer service (§ 847.0135(4), Fla. Stat. (2002)), and (2) two solicitation counts, one being the use of a computer service to solicit a person believed- to be a minor to engage in sexual conduct and the other doing so to solicit a person believed to be the guardian of the minor for such purpose (§ 847.0135(3)(a) & (b), Fla. Stat. (2002)).
We initially held that Littleman’s convictions did not violate double jeopardy, but in light of State v. Shelley, 176 So.3d 914, 919 (Fla. 2015), our holding was incorrect because solicitation charges are subsumed in traveling charges. No dispute, therefore, exists that at least one of the two solicitation charges must be vacated. The question is whether both should be vacated because they formed a single criminal episode or, alternatively, whether they are two separate offenses, only one of which is to be vacated. Compare Hammel v. State, 934 So.2d 634, 635-36 (Fla. 2d DCA 2006) (double jeopardy violation where “[tjhere was no temporal break in the conversation or a change in circumstances to warrant separate charges”) with Hartley v. State, 129 So.3d 486, 490-91 (Fla. 4th DCA 2014) (no double jeopardy “where there were separations of time between each of the crimes charged”).
On this record, which includes only the charging document, it is dubious that the two solicitation charges are part of anything other than a single criminal episode due to their temporal propinquity. See Hughes v. State, 201 So.3d 1230 (Fla. 5th DCA Oct. 21, 2016) (compiling cases). The arrest report presents the email and text exchanges as one continuous communication occurring around and just after midnight; Littleman traveled hours later to the location at which the liaison was to occur.
But the constitution doesn’t prohibit “multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments.” McKinney v. State, 66 So.3d 852, 854 (Fla. 2011). In light of this principle, the legislative tie-breaker in this case is the sentence at the end of section 847.0135(3), which states: “Each separate use of a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission wherein an offense described in this section is committed may be charged as a separate offense.” Though the import of this sentence is to authorize punishment for each separately charged offense, it is unclear whether it applies to both subsections (a) (soliciting minors) and (b) (soliciting parent/guardian/custodian) or to only subsection (b) to which it is directly at *620 tached. The Second District in its .Shelley decision implied the latter, saying that the sentence “is an explicit statement of the legislature’s intent to authorize multiple punishments for each violation of section 847.0135(3)(⅞).” Shelley v. State, 134 So.3d 1138, 1140 (Fla. 2d. DCA 2014) (emphasis added), approved, 176 So.3d 914 (Fla. 2015). The Florida Supreme Court in Shelley, however, did not explicitly, limit the sentence to subsection (b), but likewise did not explicitly include, subsection (a); instead, it said that the “statement pertains only to charging solicitation offenses” in subsection (3) without further elucidation. 176 So.3d at 919. Of course, this statement does not apply to traveling violations under subsection (4), which has no similar statement as to the viability of separate offenses. Id.
The most reasonable conclusion, based on the structure of subsection (3), is that the statement applies to both (a) and (b), thereby providing legislative authorization for separate punishments for persons who solicit children (or those believed. to be children) and who solicit parent/guardian/custodian (or those believed to be a parent/guardian/custodian), even if the solicitations are part of a single criminal episode—as they appear to be here. Even though Littleman’s two electronic communications were .a part of single criminal episode with a detective playing the roles of a child and her uncle, the legislature has determined that both are separately punishable, one of which must be vacated under Shelley.