# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D13-4464
_____

TYLER SHERMAN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

May 18, 2018

ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

This court previously affirmed Sherman's convictions, *Sherman v. State*, 160 So. 3d 494 (Fla. 1st DCA 2015), but the supreme court quashed that decision and remanded for reconsideration in light of *State v. Shelley*, 176 So. 3d 914 (Fla. 2015). On remand, we again affirm. As in today's decision in *Dygart v. State*, 1D13-4977 (Fla. 1st DCA May 18, 2018), and as required by our en banc decision in *Lee v. State*, 223 So. 3d 342, 351-52 (Fla. 1st DCA 2017) (en banc), *review granted*, SC17-1555 (Feb. 8, 2018), we conclude that because the record shows multiple, discrete solicitations, Sherman cannot meet his burden of showing that his separate convictions for solicitation (in violation of section 847.0135(3)(a), Florida Statutes) and traveling after solicitation

(in violation of section 847.0135(4)(a)) were "based on the same conduct." *See Lee*, 223 So. 3d at 351 (quoting *Shelley*, 176 So. 3d at 919).

In *Shelley*, the supreme court held that separate convictions for both solicitation and traveling after solicitation cannot stand if they are based on the same conduct. *Id.* The traveling and solicitation counts both require proof that the defendant solicited a child (or someone he thought was a child), and under *Shelley*, a single solicitation cannot form the basis of both convictions. *See Lee*, 223 So. 3d at 351-52. But where a defendant's conduct includes more than one solicitation, *Shelley* does not require the State to ignore all the solicitations but one. "*Shelley* does not disturb well-established precedent allowing for multiple punishments where a defendant commits multiple criminal acts." *Id.* at 351. Instead, "the holding in *Shelley* is limited to cases where the defendant is convicted of both solicitation and traveling after solicitation based on a single act of solicitation." *Id.*

In this case, the record demonstrates that Sherman's two convictions did not turn on a single solicitation. Using two separate email accounts, Sherman solicited a child (or someone he thought was a child) several times before driving to her house for sex. Sherman's multiple solicitations justified his multiple charges and his multiple convictions. This is therefore not about "uncharged conduct": Sherman was charged with two crimes and convicted of two crimes, and the State did not rely on the "same conduct" for both. There is no double-jeopardy violation.

AFFIRMED.

WOLF and WINSOR, JJ., concur; MAKAR, J., concurs in result dubitante with opinion.

————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

————————————————

MAKAR, J., concurring in result dubitante.

Held to a mirror, this case looks just like *State v. Shelley*, 176 So. 3d 914 (Fla. 2015), which granted relief to Shelley based on double jeopardy principles. Both Sherman and Shelley were charged with a single count of unlawful use of solicitation via computer service in violation of section 847.0135(3), Florida Statutes, and a single count of traveling after solicitation to meet a minor in violation of section 847.0135(4).[1] As in *Shelley*, the State did not charge Sherman with separate and distinct counts of solicitation; only one count was charged. Under these circumstances, *Shelley* holds that dual convictions for these two offenses violates the Double Jeopardy clauses[2] because the charged solicitation count is subsumed in the charged traveling after solicitation count. Shelley's solicitation spanned "several days" but Sherman's occurred on the *same day* that he traveled to meet the fictitious minor,[3] making Sherman's claim that much stronger.

---

[1] Sherman was charged with violations of (3)(a) and (4)(a) and Shelley was charged with violations of subsections (3)(b) and 4(b). The only significant difference between subsections (a) and (b) is that the former applies to "a child or another person believed by the person to be a child" while the latter applies to "a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child[.]" § 847.0135(3) & (4), Fla. Stat.

[2] *See* Amend. V, U.S. Const. ("No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb."); Art. I, § 9, Fla. Const. ("No person shall be . . . twice put in jeopardy for the same offense.").

[3] As to Sherman, each count alleged that the act of solicitation and travel occurred on October 15, 2011. As to Shelley, the two charged offenses "relied upon the same conduct" with the alleged solicitation occurring "[o]ver the course of several days" via e-mail, instant messenger, and text messaging. *Shelley*, 176 So. 3d at 916-17.

Shelley got relief, but Sherman doesn't due to our decision in *Lee v. State*, 223 So. 3d 342, 351-52 (Fla. 1st DCA 2017), *reh'g denied* (Aug. 8, 2017), *rev. granted*, SC17-1555 (Feb. 8, 2018), which does not limit our review to charged conduct (here, the single count of solicitation). Instead, our Court goes beyond charged conduct and probes the record in search of additional uncharged solicitations; if we can find two or more, the double jeopardy evaporates, which is why conflict exists between *Lee* and cases from other districts. As the Second District in *Shelley* said:

> The State asserts that because Shelley's three separate uses of computer devices on the date charged in the information would have supported three separate soliciting charges, the soliciting charge is not subsumed by the traveling charge. We are not persuaded by this argument. The State only charged one use of computer devices to solicit, and that charge was based on a solicitation occurring on the *same date* as the traveling offense. *We find no legal basis to deny a double jeopardy challenge based on uncharged conduct simply because it could have been charged.* But we acknowledge that convictions for both soliciting and traveling may be legally imposed in cases in which the State has charged and proven separate uses of computer devices to solicit.

*Shelley v. State*, 134 So. 3d 1138, 1141-42 (Fla. 2d DCA 2014) (emphasis added), *approved*, 176 So. 3d 914 (Fla. 2015); *see also Stapler v. State*, 190 So. 3d 162, 164-65 (Fla. 5th DCA 2016) ("While we acknowledge that the State can convict a defendant on multiple counts of solicitation where multiple counts are alleged and established, we join the Second District Court of Appeal in declining to deny a double-jeopardy claim 'based on uncharged conduct simply because it could have been charged.'") (footnote omitted); *Pamblanco v. State*, 199 So. 3d 507 (Fla. 5th DCA 2016) (finding a double jeopardy violation where "unlawful solicitation and travel took place over several days in February 2010" such that "the State could have charged Appellant with multiple counts of solicitation and traveling with regard to the multiple offenses occurring on multiple occasions. However, the information charged Appellant with one count of solicitation and one count of traveling based on the same conduct.").

4

In addition, the jury instructions and verdict form in this case failed to tell the jury that "it must find two separate and distinct acts of solicitation to convict the defendant on both the solicitation and 'traveling after solicitation' counts (one solicitation would be subsumed in the 'traveling after solicitation' count and the other would have to be separate and distinct from the first to avoid a double jeopardy violation)." *See Dygart v. State*, No. 1D13-4977, slip op. at 8 (Fla. 1st DCA May 18, 2018) (Makar, J., concurring in result dubitante). For this reason, it is impossible to exclude the unconstitutional result that Sherman's convictions for one count of solicitation and one count of traveling after solicitation are based on the same conduct. An easy fix exists to avoid this type of double jeopardy problem, one that arises from a poorly-drawn information and inadequate jury instructions and verdict form. *See Lee*, 223 So. 3d at 371 & 372 (Bilbrey, J., concurring in part, dissenting in part, & Makar, J., concurring in part, dissenting in part); *see also Assanti v. State*, 42 Fla. L. Weekly D1747 (Fla. 1st DCA Aug. 10, 2017) (Bilbrey, J., concurring in result); *Straitiff v. State*, No. 5D16-2913 (Fla. 5th DCA Oct. 13, 2017) (Lambert, J., concurring and concurring specially).

Nonetheless, I concur in the result in this case, because *Lee* is binding, but it is with doubt due to *Lee*'s analytical approach, and its conflict with *Shelley* and decisions of other districts.

_____

Ethan Andrew Way, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney General, Tallahassee, for Appellee.