NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRIAN THOMAS,                          )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D14-1986
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
                                       )
_____)

Opinion filed November 16, 2016.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas, Judge.

Joseph C. Bodiford of Bodiford Law, P.A.,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa; and
Johnny T. Salgado, Assistant Attorney
General, Tampa (substituted as counsel of
record), for Appellee.


LUCAS, Judge.

          Following a jury trial, Brian Thomas was convicted and sentenced on one

count of traveling to meet a person to solicit a child to commit a sexual act under section

847.0135(4)(b), Florida Statutes (2012) (count I), one count of using a computer to

solicit a person to commit a sexual act on a child in violation of section 847.0135(3)(b) (2012) (count II), and one count of attempted lewd or lascivious battery under sections 800.04(a) and 777.04 (2012) (count III). He raises several issues in his appeal, but we find merit in only one, the denial of his motion for arrest of judgment and motion to dismiss count II of the information.

Both counts I and II stemmed from the same course of conduct on the part of Mr. Thomas, who, by his own admission, was searching for a sexual liaison on Craigslist when he happened across a posting from what turned out to be an undercover Florida Department of Law Enforcement Agent posing as the online mother to fictional, minor-aged children. The operative information underlying Mr. Thomas' charges and criminal proceedings alleged, in count II, that Mr. Thomas, "on or about March 19, 2013, through March 22, 2013," used a computer online service to solicit the undercover agent for the purpose of engaging in unlawful sexual activity with minor children. Count I of the operative information alleged that Mr. Thomas then traveled on March 22, 2013, in order to solicit the agent for the purpose of engaging in unlawful sexual conduct with the children. The State does not describe any temporal break between Mr. Thomas' sustained and increasingly lurid text messages and online communications soliciting the FDLE agent from March 19 through March 22 and his driving to meet the agent at an agreed upon location on March 22.

As such, Mr. Thomas is correct that his convictions for traveling to solicit under count I and solicitation under count II, under these facts, encompassed the same criminal conduct and violated the constitutional prohibition against double jeopardy. See State v. Shelley, 176 So. 3d 914, 919 (Fla. 2015) ("Based on the plain language of

section 847.0135, we hold that the [l]egislature has not explicitly stated its intent to authorize separate convictions and punishments for conduct that constitutes both solicitation under subsection (3)(b) and traveling after solicitation under subsection (4)(b)."); Mahar v. State, 190 So. 3d 1123, 1125 (Fla. 2d DCA 2016) ("[T]he supreme court in Shelley considered and rejected the State's argument that the legislature intended to allow for multiple convictions that treat each instance of online communication as a separate offense, thereby also allowing for a conviction for both the communications and traveling for the same conduct."); Meythaler v. State, 175 So. 3d 918, 920 (Fla. 2d DCA 2015) ("Accordingly, Mr. Meythaler's convictions and sentences for solicitation and traveling after solicitation based upon the same conduct impermissibly place him in double jeopardy."). We must, therefore, reverse Mr. Thomas' conviction and sentence for solicitation under count II and remand for the circuit court to vacate the conviction and sentence as to that count.

Affirmed in part; reversed in part; remanded with instructions.

NORTHCUTT and SILBERMAN, JJ., Concur.