# Supreme Court of Florida

————————

No. SC17-1555
————————

**BRIAN MITCHELL LEE,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

December 13, 2018

PARIENTE, J.

In *State v. Shelley*, 176 So. 3d 914 (Fla. 2015), this Court held that "dual convictions for solicitation and traveling after solicitation based upon the same conduct" violate double jeopardy. *Id.* at 919. Today, this Court is asked *how* a reviewing court should determine whether multiple convictions are based upon the same conduct. More specifically, the conflict issue in this case is whether, in determining if multiple convictions of solicitation of a minor, unlawful use of a two-way communications device, and traveling after solicitation of a minor are based upon the same conduct for purposes of double jeopardy, the reviewing court should consider only the charging document or the entire evidentiary record.

In *Lee v. State*, 223 So. 3d 342, 346 (Fla. 1st DCA 2017), the First District Court of Appeal, in an en banc opinion from which two judges dissented, held that it was appropriate for an appellate court to review the entire evidentiary record to determine whether multiple convictions violate double jeopardy. This holding is in conflict with decisions from the Second and Fifth District Courts of Appeal. *See Thomas v. State*, 209 So. 3d 35 (Fla. 2d DCA 2016); *Honaker v. State*, 199 So. 3d 1068 (Fla. 5th DCA 2016); *Stapler v. State*, 190 So. 3d 162 (Fla. 5th DCA 2016); *Holt v. State*, 173 So. 3d 1079 (Fla. 5th DCA 2015); and *Mizner v. State*, 154 So. 3d 391 (Fla. 2d DCA 2014).[1]

We hold that, consistent with *Shelley*, to determine whether multiple convictions of solicitation of a minor, unlawful use of a two-way communications device, and traveling after solicitation of a minor are based upon the same conduct for purposes of double jeopardy, the reviewing court should consider only the charging document. Accordingly, we quash the decision of the First District and approve the conflict cases from the Second and Fifth Districts to the extent they are consistent with this opinion.[2]

---

1. We have jurisdiction. *See* art. V, § 3(b)(3), Fla. Const.

2. We exercise our discretion and decline to address the additional issues raised by Lee that are beyond the scope of our conflict jurisdiction. *See Weatherspoon v. State*, 214 So. 3d 578, 580 n.2 (Fla. 2017).

**FACTUAL BACKGROUND**

The First District set forth the facts giving rise to Lee's convictions as follows:

> Lee placed an ad in the Casual Encounters section of Craigslist, seeking an encounter with a male "under 25" years old. An investigator presenting himself as "Matt" responded to Lee's ad after he determined the ad could be an effort to initiate contact with a minor. The investigator promptly informed Lee that "Matt" was only fourteen years old. But even after learning that "Matt" was a minor, Lee continued the communications. Over the course of the next eleven days, the two exchanged multiple emails and Lee proposed that the two engage in various sexual acts. On the twelfth day, Lee asked to meet "Matt" in person. When Lee arrived at the agreed-upon location, he was met by law enforcement and arrested. A search of his truck revealed erectile dysfunction medications.

*Lee*, 223 So. 3d at 346. Lee was charged by information with (1) one count of traveling to meet a minor to engage in sexual conduct,[3] (2) one count of unlawful use of a two-way communications device to facilitate the commission of a felony,[4] and (3) one count of using a computer to facilitate or solicit the sexual conduct of a child.[5] *Lee*, 223 So. 3d at 346. The information alleged that the traveling offense occurred on or about January 2, 2014, and that counts two and three occurred "on

_____

3. § 847.0135(4)(a), Fla. Stat. (2013).

4. § 934.215, Fla. Stat. (2013).

5. § 847.0135(3)(a), Fla. Stat. (2013).

one or more occasions between December 22, 2013, and January 1, 2014." *Id.* at 354.

Lee moved to dismiss the charges, arguing that counts two and three violated double jeopardy because the elements of solicitation of a minor and unlawful use of a two-way communications device were subsumed within the elements of traveling after solicitation. *Id.* at 346. "The trial court denied the motion, and the case proceeded to trial." *Id.*

On a basic verdict form, the jury found Lee guilty of all three counts "as charged in the Information." The trial court sentenced Lee to a downward departure sentence of two years' community control, followed by thirteen years' probation. *Id*. at 347. Lee appealed to the First District, arguing that his convictions violated double jeopardy. *Id.* at 346.

A majority of the First District disagreed with Lee and held that there was no double jeopardy violation because Lee's "convictions were not based on the same conduct," but "arose from separate criminal episodes and distinct criminal acts." *Id.* In determining that Lee's convictions were not based on the same conduct, the First District examined "the entire record, including all evidence admitted at trial." *Id.* at 349. Accordingly, the First District affirmed Lee's convictions. *Id.* at 346.[6]

_____

6. The State also appealed the trial court's downward departure sentence, arguing that "there was no evidence to support the court's statutory ground for departure . . . and because the non-statutory grounds . . . were not valid reasons for

- 4 -

Judges Bilbrey and Makar wrote separate concurring in part and dissenting in part opinions, arguing that it was impossible to determine whether there was a double jeopardy violation because the information charging Lee did not allege distinct acts and the verdict form did not separate the acts.[7]

This review followed.

## ANALYSIS

The issue in this case is whether, in determining if multiple convictions of solicitation of a minor, unlawful use of a two-way communications device, and traveling after solicitation of a minor are based upon the same conduct for purposes of double jeopardy, the reviewing court should consider only the charging document or the entire evidentiary record. "Double jeopardy claims based on undisputed facts present questions of law and are subject to de novo review." *Graham v. State*, 207 So. 3d 135, 137 (Fla. 2016).

### I. Double Jeopardy Principles and *Shelley*

Double jeopardy "prohibits subjecting a person to multiple prosecutions, convictions, and punishments for the same criminal offense." *Valdes v. State*, 3

---

departure." *Lee*, 223 So. 3d at 358. The First District agreed, and reversed and remanded for resentencing. *Id.* at 360. We do not address this issue as Lee does not challenge this ruling in this Court.

7. Judges Bilbrey and Makar concurred in the majority's conclusion that the trial court erred in imposing a downward departure sentence.

So. 3d 1067, 1069 (Fla. 2009). Both the United States and Florida Constitutions contain double jeopardy clauses. *See* U.S. Const. amend. V; art. I, § 9, Fla. Const. "The prohibition against double jeopardy is 'fundamental.' " *Lippman v. State*, 633 So. 2d 1061, 1064 (Fla. 1994) (quoting *Benton v. Maryland*, 395 U.S. 784, 795 (1969)).

"Despite this constitutional protection, there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments." *Valdes*, 3 So. 3d at 1069. Where "there is no clear statement of legislative intent to authorize or to prohibit separate punishments," courts employ the *Blockburger*[8] same-elements test, codified in section 775.021(4), Florida Statutes (2018), to determine if there is a double jeopardy violation. *Valdes*, 3 So. 3d at 1070. "This test 'inquires whether each offense contains an element not contained in the other; if not, they are the same offense,' and double jeopardy principles prohibit separate convictions and punishments based upon the same conduct." *Shelley*, 176 So. 3d at 918 (quoting *M.P. v. State*, 682 So. 2d 79, 81 (Fla. 1996)).

---

8. *Blockburger v. United States*, 284 U.S. 299 (1932).

There are three offenses at issue in this case—(1) solicitation of a minor, (2) unlawful use of a two-way communications device, (3) and traveling after solicitation.  The solicitation statute provides in pertinent part:

> (3) Certain uses of computer services or devices prohibited.— Any person who knowingly uses a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
>
> (a) Seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice, a child or another person believed by the person to be a child, to commit any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any unlawful sexual conduct with a child or with another person believed by the person to be a child; . . .
>
> commits a felony . . . .

§ 847.0135(3)(a), Fla. Stat. (2013).  The unlawful use of a two-way communications device statute states in full:

> Any person who uses a two-way communications device, including, but not limited to, a portable two-way wireless communications device, to facilitate or further the commission of any felony offense commits a felony of the third degree . . . .

§ 934.215, Fla. Stat. (2013).  Finally, the traveling after solicitation statute provides in pertinent part:

> (4) Traveling to meet a minor.—Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer

online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:

(a) Seduce, solicit, lure, or entice or attempt to seduce, solicit, lure, or entice a child or another person believed by the person to be a child, to engage in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child; . . .

commits a felony . . . .

§ 847.0135(4)(a), Fla. Stat. (2013).

In *Shelley*, this Court concluded that "dual convictions for solicitation and traveling after solicitation based upon the same conduct" violate double jeopardy. 176 So. 3d at 919.[9]  Similar to this case, the events in *Shelley* began on Craigslist and ended with the State charging Shelley with "a single violation" of soliciting a minor and "a single violation of" traveling after solicitation. *Id.* at 916-17. Significantly, this Court noted that "[t]he State relied upon the same conduct to charge both offenses." *Id.* at 917.  Shelley pled guilty to both counts. *Id.*

In the Second District, Shelley argued that his convictions violated double jeopardy because the elements of solicitation were subsumed by the elements of

_____

9. *Shelley* involved violations of section 847.0135(3)(b) and (4)(b), Florida Statutes (2011), which criminalize solicitation of "a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child" in specified acts or sexual conduct, whereas this case involves violations of section 847.0135(3)(a) and (4)(a), which criminalize solicitation of "a child or another person believed by the person to be a child."  Thus, the only difference between the subsections is *who* the defendant believes he or she is soliciting.

- 8 -

traveling after solicitation. *Shelley v. State*, 134 So. 3d 1138, 1140 (Fla. 2d DCA 2014), *approved*, 176 So. 3d 914 (Fla. 2015). The Second District agreed. *Id.* at 1140-41. The Second District then turned to address the State's argument that "because Shelley's three separate uses of computer devices on the date charged in the information would have supported three separate soliciting charges, the soliciting charge is not subsumed by the traveling charge." *Id.* at 1141. The Second District rejected this argument, explaining:

> The State only charged one use of computer devices to solicit, and that charge *was based on a solicitation occurring on the same date as the traveling offense*. We find no legal basis to deny a double jeopardy challenge based on uncharged conduct simply because it could have been charged. But we acknowledge that convictions for both soliciting and traveling may be legally imposed in cases in which the State has *charged and proven* separate uses of computer devices to solicit.

*Id.* at 1141-42 (emphasis added).

The State petitioned this Court's review and argued, as it did in the Second District, that Shelley's dual convictions for solicitation and traveling after solicitation did not violate double jeopardy because the evidence showed that Shelley "used a computer to solicit . . . four times on the date in question." Petitioner's Initial Br. on the Merits at 13, *State v. Shelley*, 176 So. 3d 914 (Fla. 2015) (No. 14-755). This Court disagreed, holding that solicitation and traveling after solicitation are "the same for purposes of the . . . same-elements test" and, thus, Shelley's "dual convictions for solicitation and traveling after solicitation

*based upon the same conduct* impermissibly place[d] him in double jeopardy."

*Shelley*, 176 So. 3d at 919 (emphasis added).

## II. The Conflict

Before and after this Court's opinion in *Shelley*, the district courts have disagreed on how a reviewing court should determine whether multiple convictions are based on the same conduct. In one of the conflict cases, *Mizner*, under circumstances similar to those here, Mizner was charged with and convicted of the same three offenses as Lee—solicitation, traveling after solicitation, and unlawful use of a two-way communications device—as well as attempted sexual battery. 154 So. 3d at 395. On appeal, the State conceded that the solicitation offense was subsumed within the traveling after solicitation offense. *Id.* at 399. However, the State argued that "because the evidence at trial would support a finding that each of the offenses occurred on different days during separate episodes," there was no double jeopardy violation. *Id.* The Second District rejected that argument, reasoning:

> Although the offenses charged in this case spanned more than one day, the State charged *single* counts of soliciting, traveling, and unlawful use of a two-way communications device. And, the State charged each of the offenses over the *same* time period, from November 1, 2011, to November 4, 2011. Thus we reject the State's argument, as we did in *Shelley*, that the evidence could support convictions for each offense as occurring during a separate criminal episode. The State did not charge the offenses as occurring during separate criminal episodes; rather, it charged them as occurring during a single criminal episode.

- 10 -

*Id.* at 400 (emphasis added). Accordingly, the Second District vacated Mizner's convictions and sentences for solicitation and unlawful use of a two-way communications device because they were subsumed within the offense of traveling after solicitation. *Id.*

The Fifth District reached the same conclusion in *Holt*, explaining:

> Here, the State charged a *single* count of unlawful use of a two-way communications device and a *single* count of traveling to meet a minor. The information alleged that each offense occurred "on or about March 14, 2013." Neither the charging information nor the jury verdict form included language clearly predicating the disputed charges on two distinct acts. As a result, the State charged the offenses as occurring during a single criminal episode, and we may not assume that they were predicated on distinct acts.

173 So. 3d at 1081 (emphasis added) (citing *Mizner*, 154 So. 3d at 400). The First District expressly rejected this approach in the decision under review, stating that to determine whether multiple convictions are based on distinct acts, the reviewing court must examine "the entire evidentiary record," not just the "charging document and the jury verdict." *Lee*, 223 So. 3d at 353.

The conflict in this case is readily resolved by our opinion in *Shelley*, where we rejected the argument that a reviewing court could save an otherwise nonspecific charging document by conducting its own examination of the evidentiary record to sustain the convictions. A reviewing court's ability to find evidence in the record to support multiple convictions is insufficient to defeat a

double jeopardy claim when nothing in the charging document suggests that the convictions were based on separate conduct. As Judge Makar explained, the issue "is not one of *evidentiary sufficiency*" but of "*constitutional sufficiency*." *Id.* at 374 (Makar, J., concurring in part, dissenting in part). Accordingly, we hold that, to determine whether multiple convictions of solicitation of a minor, unlawful use of a two-way communications device, and traveling after solicitation of a minor are based upon the same conduct for purposes of double jeopardy, the reviewing court should consider only the charging document—not the entire evidentiary record.

### III. This Case

In this case, the State charged Lee with a single count of traveling after solicitation, a single count of unlawful use of a two-way communications device to commit a felony, and a single count of solicitation. The information alleged that the traveling offense occurred "on or about January 2, 2014." The information alleged that the unlawful use of a two-way communications device and the solicitation offense occurred "on one or more occasions between December 22, 2013, and January 1, 2014." The jury found Lee guilty of all three counts "as charged in the Information."

We agree with Judges Bilbrey and Makar that the information does not make clear that the State relied on separate conduct to charge the offenses. *See id.* at 371 (Bilbrey, J., concurring in part and dissenting in part); *id.* at 373 (Makar, J.,

- 12 -

concurring in part, dissenting in part). Indeed, as Judge Bilbrey stated, "The information in this case did not allege distinct acts; the verdict form did not separate the acts; and the evidence presented to the jury could support, but did not require, the jury to find that the acts underlying Lee's conviction were separate." *Id.* at 371 (Bilbrey, J., concurring in part and dissenting in part).

Considering only the information, it is impossible to know whether the jury convicted Lee of all three offenses based on the same act of solicitation. "For all we know, jury deliberations ended when they found a [single] solicitation violation . . . ." *Id.* at 373 (Makar, J., concurring in part, dissenting in part).

As stated previously, "dual convictions for solicitation and traveling after solicitation" that are "based upon the same conduct" violate double jeopardy. *Shelley*, 176 So. 3d at 919. Likewise, multiple convictions of solicitation, unlawful use of a two-way communications device, and traveling after solicitation based upon the same conduct violate double jeopardy. *See Mizner*, 154 So. 3d at 399 (concluding that "the unlawful use of a two-way communications device" in section 934.215 "was subsumed within" the offenses of solicitation and traveling after solicitation); *Honaker*, 199 So. 3d at 1070 (holding that convictions for unlawful use of a two-way communications device, solicitation, and traveling after solicitation based on the same conduct violated double jeopardy). Thus, Lee's convictions for solicitation and unlawful use of a two-way communications device

- 13 -

must be vacated.  *See Pizzo v. State*, 945 So. 2d 1203, 1206 (Fla. 2006) ("When an appellate court determines that dual convictions are impermissible, the appellate court should reverse the lesser offense conviction and affirm the greater.").

**CONCLUSION**

For the reasons stated, we hold, consistent with *Shelley*, that to determine whether multiple convictions of solicitation of a minor, unlawful use of a two-way communications device, and traveling after solicitation of a minor are based upon the same conduct for purposes of double jeopardy, the reviewing court may consider only the charging document.  Accordingly, we quash the First District's decision in *Lee*, and approve *Thomas*, *Honaker*, *Stapler*, *Holt*, and *Mizner* to the extent they are consistent with this opinion.  We direct that Lee's convictions of solicitation of a minor and unlawful use of a two-way communications device be vacated, and remand the case to the First District for proceedings consistent with this opinion.

It is so ordered.

CANADY, C.J., and LEWIS, POLSTON, LABARGA, and LAWSON, JJ., concur.
QUINCE, J., concurs in result only.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED
WITHIN SEVEN DAYS.  A RESPONSE TO THE MOTION FOR
REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS
AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION.
NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A
REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

     First District - Case Nos. 1D15-943 and 1D15-945

     (Escambia County)

Andy Thomas, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida,

     for Petitioner

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Bureau Chief, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, Florida,

     for Respondent