# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1881
Lower Tribunal No. 16-121-A-K
_____

**William Baker,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Wayne M. Miller, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for appellee.

Before FERNANDEZ, LOGUE and SCALES, JJ.

ON MOTION FOR CLARIFICATION

SCALES, J.

Appellant William Baker has filed a motion for clarification. We grant the motion, withdraw the previous opinion, and substitute the following in its place.

William Baker appeals his convictions after a jury found him guilty of violating sections 847.0135(3)(b) and (4)(b) of the Florida Statutes. These laws, respectively, prohibit the use of a computer service or device to solicit the parent of a child to consent to the child engaging in an unlawful sexual activity; and prohibit travel to meet the child for an unlawful sexual activity facilitated by the parent after solicitation. Baker makes several arguments on appeal.[1] We determine that only Baker's double jeopardy argument has merit and, based on the Florida Supreme Court's recent decision in Lee v. State, 258 So. 3d 1297 (Fla. 2018), we vacate Baker's solicitation conviction and remand to the trial court to resentence Baker on the travel after solicitation charge.

**I. Relevant Factual and Procedural Background**

As part of an undercover investigation, agents of The Department of Homeland Security (DHS) placed a Florida Keys Craigslist ad that read as follows:

> Caution just met up with fun Key West mom who had an ad called taboo family playtime and she is trying to find a guy to hook up with her 13-year-old daughter. I thought it was RP and the girl would be legal but she showed up and is definitely underage. I want to put it out there so no one would get in trouble. The ad was flagged and is gone

---

[1] Baker also contended that: (i) he was entitled to a judgment of acquittal because the State failed to overcome what he presented as a reasonable hypothesis of innocence; and (ii) there was error in a standard instruction given to the jury. We find no merit in these arguments.

now and all I know about her is her name is Vicky and her daughter's name is Danielle and Vicky uses the e-mail address sassyprincess305@google.

On March 1, 2016, Baker sent an email to the address in the ad, prompting, over the ensuing two days, an exchange of sexually explicit emails between Baker and an undercover DHS agent posing as the mother of a thirteen-year old child. The emails established that Baker was responding to the undercover agent's offering of sex with a minor.

On March 3, 2016, the email exchange culminated with Baker and the undercover agent setting up a meeting at a Key West Burger King restaurant for Baker to meet the undercover agent and her "daughter." At approximately 1 p.m. on March 3, 2016, Baker drove into the Burger King parking lot where officers from the Key West Police Department arrested him. Ultimately, by a Second Amended Information, the State charged Baker with violating section 847.0135(4)(b), the travel after solicitation charge, a second degree felony; and section 847.0135(3)(b), the solicitation charge, a third degree felony.[2]

---

[2] Count 1 of the Second Amended Information, citing section 847.0135(4)(b) (the travel after solicitation offense), alleged as follows:

> Defendant, William Roberts Baker on or about March 3, 2016 in the County of Monroe and State of Florida, did travel any distance within this state by any means, or attempted to do so, for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the defendant to be a

3

The jury convicted Baker of both counts and the trial court sentenced Baker to five years for the solicitation offense (Count 2) and eight years for the travel after solicitation offense (Count 1). For the traveling offense, the trial court also imposed two years of community control followed by five years of probation. The trial court also ordered sex offender designation.

Baker timely appealed the judgment against him. As mentioned earlier, only the double jeopardy challenge is meritorious.

---

child after using a computer on-line service, Internet service, or local bulletin board service, or any other device capable of electronic data storage or transmission to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure or entice a parent, legal guardian or custodian of a child or another person believed to be the parent, guardian or custodian of a child to consent for the child or another person believed by the defendant to be a child to engage in any illegal act described in chapter 794, chapter 800, or chapter 827, or to engage in other unlawful sexual conduct with a child, contrary to F.S. 847.0135(4)(b).

Count 2 of the Second Amended Information, citing section 847.0135(3)(b) (the solicitation offense), alleged as follows:

Defendant William Roberts Baker on or about March 2, 2016, in the County of Monroe and State of Florida, did knowingly utilize a computer on-line service, Internet service, or local bulletin board service, or any other device capable of electronic data storage or transmission to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure or entice, a parent, legal guardian or custodian of a child or another person believed by the defendant to be a parent, legal guardian or custodian of a child, to consent to the participation of the child or with another person believed by the defendant to be a child to commit any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any unlawful sexual conduct, contrary to F.S. 847.0135(3)(b).

**II. Analysis[3]**

In <u>State v. Shelley</u>, 176 So. 3d 914, 919 (Fla. 2015), the Florida Supreme Court determined that the statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation, and therefore, double jeopardy prohibits separate convictions based on the same solicitation conduct. In order for a defendant to be punished for both violations, the state must plead and prove that the solicitation forming the basis of the travel after solicitation charge is separate and distinct from the solicitation forming the basis of the solicitation charge. <u>Id.</u>

In this case, the *record* plainly indicates that on March 2nd, Baker, through extensive emails with the DHS undercover agent, used a computer device to solicit and entice a person whom he believed to be the parent of a child to participate in sexual conduct specifically criminalized in section 847.0135(3)(b). The *record* also establishes that, on the following day, March 3rd, Baker and the undercover agent again exchanged emails establishing solicitation, and that Baker then traveled to meet the child with whom Baker would engage in unlawful sexual activity in violation of section 847.0135(4)(b).

---

[3] We review double jeopardy challenges *de novo*. <u>Pizzo v.State</u>, 945 So. 2d 1203, 1206 (Fla. 2006).

Although the *record* establishes the separate instances of solicitation underpinning the two charges, the Florida Supreme Court recently held that, when determining whether separate acts of solicitation support the two convictions, a reviewing court's inquiry is limited to the *charging document* – here, the Second Amended Information. <u>Lee</u>, 258 So. 3d at 1303-04. The Supreme Court in <u>Lee</u> plainly stated: "[T]to determine whether multiple convictions of solicitation of a minor . . . and traveling after solicitation of a minor are based upon the same conduct for purposes of double jeopardy, the reviewing court should consider only the charging document – not the entire evidentiary record." <u>Id.</u> at 1304. While the Second Amended Information charging Baker with both offenses states two separate dates – March 2nd as the date of the solicitation offense and March 3rd as the date of the travel after solicitation offense – it is not clear from this charging document that the solicitation forming the basis of each charge is a separate and distinct act of solicitation.

Indeed, the charging document in <u>Lee</u> similarly identifies the solicitation occurring "between December 22, 2013, and January 1, 2014," while the traveling offense occurred on a separate date "on or about January 2, 2014." <u>Id.</u> Notwithstanding the separate dates alleged in the separate counts, the <u>Lee</u> Court determined that the information in that case had not made clear that the State relied on separate conduct to charge the two offenses. <u>Id.</u> We note that neither the State, in

charging Baker, nor the trial court in entering the judgment against Baker, had the benefit of Lee. We do have the benefit of Lee, and therefore, are compelled to vacate Baker's conviction for solicitation and remand the case to the trial court for the resentencing of Baker on the travel after solicitation charge.

To be clear, under Lee, if the State wishes to charge a defendant for separate offenses under sections 847.0135(3) and (4), in order to avoid a double jeopardy violation, the charging document must be clear, on its face, that the conduct constituting solicitation for one offense is separate and distinct from the conduct constituting solicitation under the other offense.

Affirmed in part; reversed in part, with instructions.