# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D15-1299
_____

TIMOTHY CARLOS COFFEY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

May 2, 2019

## ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

The appellant, Timothy Coffey, was charged by amended information with one count of using a computer to facilitate or solicit a parent to consent to the sexual conduct of a child, in violation of section 847.0135(3)(b), Florida Statutes (2013) (Count 1); one count of unlawful use of a two-way communications device, a cellular phone, to facilitate the commission of a felony, traveling to engage in sexual conduct with a minor, in violation of section 934.215, Florida Statutes (2013) (Count 2); and one count of traveling to meet a minor to engage in sexual conduct with consent by a parent, in violation of section 847.0135(4)(b), Florida Statutes (2013) (Count 3).  Each crime was alleged to have been committed "on or about November 15, 2013."  He was convicted on all counts.

The appellant raised four issues on appeal. In Issue I, he argued his dual convictions in Counts 1 and 3 violated double jeopardy. In Issue II, he argued his dual convictions in Counts 2 and 3 violated double jeopardy. In Issue III, he challenged the denial of a pre-trial motion to dismiss based on subjective and objective entrapment. In Issue IV, he argued the trial court erred by excluding certain trial testimony. This Court accepted the State's concession of error in Issue II and vacated the appellant's conviction in Count 2. We affirmed all other issues on appeal.

In Issue I, we affirmed his dual convictions in Counts 1 and 3 under *Lee v. State*, 223 So. 3d 342 (Fla. 1st DCA 2017). In 2018, the Supreme Court quashed our opinion in *Lee* and held that the reviewing court should only consider the charging document to determine whether multiple convictions for solicitation, unlawful use of a two-way communications device, and traveling were based upon the same conduct for purposes of double jeopardy. *Lee v. State*, 258 So. 3d 1297 (Fla. 2018) (*Lee II*). Applying *Lee II* to Issue I in this case, we must also vacate the appellant's conviction in Count 1 as that count is subsumed within Count 3. Accordingly, the appellant's convictions in Counts 1 and 2 are VACATED. The appellant's conviction in Count 3 is AFFIRMED.

LEWIS, ROBERTS, and RAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender; Joanna Aurica Mauer and Glen P. Gifford, Assistant Public Defenders, Tallahassee, for Appellant.

Ashley Moody, Attorney General; Matthew Pavese and Michael L. Schaub, Assistant Attorneys General, Tallahassee, for Appellee.