NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DERRELL A. RICHARDSON,                          )
                                                )
        Appellant,                           )
                                                )
v.                                              )          Case No. 2D17-3814
                                                )
STATE OF FLORIDA,                               )
                                                )
        Appellee.                            )
_____ )

Opinion filed June 21, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Manatee County; Susan Maulucci, Judge.

Derrell A. Richardson, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Jonathan Hurley,
Assistant Attorney General, Tampa,
for Appellee.


SALARIO, Judge.

        Derrell Richardson appeals from an order summarily denying his six-

ground motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.

We affirm the summary denial of claims one through five without comment.  We reverse

the summary denial of ground six—which alleged that Mr. Richardson's dual convictions

and sentences for soliciting a child and traveling to meet a child violated double jeopardy—and remand for further proceedings.

The State charged Mr. Richardson with using a computer to seduce, solicit, lure, or entice a minor to commit a sex act "on one or more occasions between" September 14, 2012, and September 15, 2012, and with traveling to meet a minor after using a computer to seduce, solicit, lure, or entice a minor to commit a sex act on September 15, 2012. § 847.0135(3)(a), (4)(a), Fla. Stat. (2012). A jury found Mr. Richardson guilty of both crimes, and the trial court sentenced him to concurrent terms of five years' imprisonment and seven years' imprisonment followed by three years' sex offender probation. Mr. Richardson appealed from his convictions and sentences. We affirmed without a written opinion. Richardson v. State, 177 So. 3d 261 (Fla. 2d DCA 2015) (table decision).

In ground six of his postconviction motion, Mr. Richardson asserted that his convictions and sentences for the two offenses violate the prohibition against double jeopardy, as explained by the supreme court in State v. Shelley, 176 So. 3d 914 (Fla. 2015). Rule 3.850 is an appropriate vehicle for such a claim. See Wilson v. State, 693 So. 2d 616, 617 n.2 (Fla. 2d DCA 1997) ("Double jeopardy claims are appropriately brought under rule 3.850."); see also Rodriguez v. State, 162 So. 3d 1162, 1164-65 (Fla. 5th DCA 2015) (reversing the summary denial of a rule 3.850 claim that asserted ineffective assistance of counsel in regard to a Shelley-related double-jeopardy issue). In Shelley, the supreme court held that double jeopardy prohibits dual convictions for traveling and soliciting where the two offenses arise out of the same conduct. 176 So. 3d at 917-20. The issue with which the postconviction court grappled in summarily

denying ground six of Mr. Richardson's motion was whether the two offenses of which he was convicted—which apparently occurred over the course of two days and involved some temporal separation—arose from the same conduct such that they implicated the holding in Shelley.

The postconviction court held that the two offenses did not arise from the same conduct. Relying extensively upon the First District's decision in Lee v. State, 223 So. 3d 342, 348 (Fla. 1st DCA 2017) (en banc), quashed, 258 So. 3d 1297 (Fla. 2018), the court held that it was required to apply a three-part test to determine whether the dual convictions violated double jeopardy, considering (1) whether the offenses occurred during the same criminal episode, if so, (2) whether the convictions are predicated on discrete acts, and if not, (3) whether the separate charges pass the tests of Blockburger v. United States, 284 U.S. 299 (1932), and section 775.021, Florida Statutes. See Lee, 223 So. 3d at 348. The postconviction court explained that the first part of the test required it to consider whether there were multiple victims, whether the offenses occurred in multiple offenses, and whether there was a temporal break separating the offenses, and the second part of the test required consideration of any temporal break, intervening acts, changes in location, and formations of new criminal intent. Applying those factors to the evidence adduced at Mr. Richardson's trial, the postconviction court held that the offenses did not occur during the same criminal episode and, at all events, that they were predicated on discrete acts.

After the postconviction court's decision in this case, the supreme court quashed the First District's decision in Lee. Lee v. State, 258 So. 3d 1297, 1304 (Fla. 2018). The supreme court held that "to determine whether multiple convictions of

solicitation of a minor . . . and traveling after solicitation of a minor are based upon the same conduct for purposes of double jeopardy, the reviewing court should consider only the charging document—not the entire evidentiary record." Id. at 1304.  It explained that "[a] reviewing court's ability to find evidence in the record to support multiple convictions is insufficient to defeat a double jeopardy claim when nothing in the charging document suggests that the convictions were based on separate conduct."[1] Id. at 1303-04.  The supreme court's decision in Lee makes clear that the analysis the postconviction court applied in summarily denying ground six of Mr. Richardson's rule 3.850 motion was legally inaccurate.

For these reasons, we reverse the postconviction court's order to the extent it summarily denied ground six of Mr. Richardson's motion and remand for it to reconsider that ground.[2]  We affirm the order in all other respects.

---

[1]This holding is consistent with our decision in Mahar v. State, 190 So. 3d 1123, 1125 (Fla. 2d DCA 2016), in which we rejected the argument that a temporal break between the conversations forming the basis of a soliciting charge saved the defendant's convictions for solicitation and traveling from a double jeopardy challenge when the State charged only "one count of solicitation based on those multiday communications." Id. at 1125 (citing Shelley, 176 So. 3d at 916).

[2]Mr. Richardson argued the double jeopardy issue in his direct appeal, which raises the prospect that our earlier decision represents the law of the case as to this issue.  See Gaskins v. State, 502 So. 2d 1344, 1346 (Fla. 2d DCA 1987) ("A per curiam affirmance establishes the law of the case.").  We leave it to the postconviction court and the parties on remand to argue and determine, if necessary, whether the law of the case doctrine applies.  See State v. Akins, 69 So. 3d 261, 268 (Fla. 2011) (holding that an illegal sentence that violates the prohibitions against double jeopardy is an exceptional circumstance for which an appellate court can reconsider a point of law previously decided); Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105-06 (Fla. 2001) (holding that an intervening legal decision may establish an exception to the law of the case doctrine); Smith v. State, 214 So. 3d 703, 704 (Fla. 1st DCA 2016) (considering whether to revisit the law of the case on a double jeopardy problem in light of Shelley); Lago v. State, 975 So. 2d 613, 614 (Fla. 3d DCA 2008) (holding that a sentence that "is

Affirmed in part, reversed in part, and remanded.

SILBERMAN and MORRIS, JJ., Concur.

---

violative of the double jeopardy clause, and thus 'patently illegal,' " is cause to avoid application of the law of the case).