# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0014
_____

KHALID HYAT CHAUDHRY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
Shonna Young Gay, Judge.

January 31, 2024

PER CURIAM.

AFFIRMED. *See Dettle v. State*, 334 So. 3d 346, 346–47 (Fla. 1st DCA 2021), *rev. granted*, SC22-417, 2022 WL 3656814 (Fla. Aug. 25, 2022).

B.L. THOMAS and ROWE, JJ., concur; BILBREY, J., concurs with opinion.

_Not final until disposition of any timely and
authorized motion under Fla. R. App. P. 9.330 or
9.331._

BILBREY, J., concurring.

At trial on the third amended information, Appellant was convicted of three counts of unlawful sexual activity "with a person 16 or 17 years of age" by "[a] person 24 years of age or older." § 794.05(1), Fla. Stat. (2013). We affirmed his conviction and sentence on direct appeal. _Chaudhry v. State_, 236 So. 3d 1010 (Fla. 1st DCA 2017). Appellant then filed a motion for postconviction relief under rule 3.850, Florida Rules of Criminal Procedure, raising twelve grounds. Almost a year later, Appellant's new postconviction counsel filed an amended motion for postconviction relief raising sixteen grounds. Appellant challenges the denial of his amended motion for postconviction relief.

The third amended information alleged identical dates, venue, acts, and the same victim for all three counts of unlawful sexual activity. Appellant claims a double jeopardy violation since the three counts are identical in the third amended information. _See Lee v. State_, 258 So. 3d 1297, 1303–04 (Fla. 2018); _Amison v. State_, 332 So. 3d 593, 598 (Fla. 1st DCA 2022). A double jeopardy violation is fundamental error that may be raised for the first time in a postconviction motion. _Smith v. State_, 741 So. 2d 576, 577 (Fla. 1st DCA 1999). Nonetheless, Appellant is not entitled to relief.

In _Dettle v. State_, 334 So. 3d 346, 346–47 (Fla. 1st DCA 2021), _rev. granted_, SC22-417, 2022 WL 3656814 (Fla. Aug. 25, 2022), we held that "_Lee_ does not apply retroactively to cases such as Appellant's that were already final when _Lee_ was decided." In _Dettle_ we cited _State v. Glenn_, 558 So. 2d 4 (Fla. 1990), and _Witt v. State_, 387 So. 2d 922 (Fla. 1980), in denying retroactive application to _Lee_. The Florida Supreme Court in _Glenn_ had stated, "that only major constitutional changes of law which constitute a development of fundamental significance are cognizable under a

2

motion for postconviction relief." 558 So. 2d at 6. We then granted Dettle's motion for certification and certified a question of great public importance to the Florida Supreme Court. *Dettle*, 334 So. 3d at 347.

Here, since Appellant's direct appeal was final before *Lee* was decided, then relying on *Dettle*, we are correct to conclude that *Lee* is not retroactive and to affirm.

_____

W. Charles Fletcher of Law Office of W. Charles Fletcher, Jacksonville, for Appellant.

Ashley Moody, Attorney General, and Zachary F. Lawton, Assistant Attorney General, Tallahassee, for Appellee.