# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0677
Lower Tribunal No. 2022-CF-004853-A000XX

_____

LAWRENCE ALAN NEU,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Michelle O. Pincket, Judge.

September 5, 2025

GANNAM, J.

Lawrence Alan Neu appeals his judgment and sentence as violating double jeopardy. Neu was convicted under the Computer Pornography and Child Exploitation Prevention Act, section 847.0135, Florida Statutes, of both computer solicitation of a minor for sex and travel for sex with a minor after computer solicitation. Because the information did not make clear that the State relied on separate solicitation conduct to charge each offense, punishing Neu for both violates

double jeopardy. Accordingly, we reverse as to the lesser crime of solicitation and remand for resentencing.

I

By amended information, the State charged Neu with five counts of transmitting harmful material to a minor (counts 1 through 5), one count of computer solicitation of a minor for sex (count 6), one count of attempted lewd battery on a child (count 7), and one count of travel for sex with a minor after computer solicitation (count 8). Each of counts 1 through 5 of the amended information charges a transmission of harmful material to a minor, in violation of section 847.0138, Florida Statutes, that is "separate and distinct" from the transmissions charged in the other counts. Count 6 charges computer solicitation of a minor for sex, and count 8 charges travel for sex with a minor *after* computer solicitation, both in violation of section 847.0135, and both occurring "between June 2, 2022 and June 3, 2022." Count 7 charges attempted lewd battery on a child, in violation of sections 800.04(4) and 777.04(4), also occurring "between June 2, 2022 and June 3, 2022."

A jury convicted Neu on all charges. The trial court vacated the convictions on counts 1 through 5 and adjudicated Neu guilty on counts 6 through 8. The court sentenced Neu to seven years in prison on count 8, followed by five years of sex offender probation on each of counts 6 and 7, to run concurrently. Neu timely appealed the judgment and sentence.

II

Neu argues on appeal that punishing him for both the count 6 conviction for computer solicitation of a minor for sex and the count 8 conviction for travel for sex with a minor after computer solicitation violates double jeopardy. "Although this issue was not raised below, a violation of double jeopardy constitutes fundamental error that may be raised for the first time on appeal." *Arroyo v. State*, 379 So. 3d 1218 (Fla. 6th DCA 2024). "We review de novo double jeopardy claims based on undisputed facts." *State v. Banda*, 397 So. 3d 214, 216 (Fla. 6th DCA 2024).

III

A

The double jeopardy protections in the United States and Florida Constitutions prohibit a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Trappman v. State*, 384 So. 3d 742, 746–47 (Fla. 2024); *Trotter v. State*, 825 So. 2d 362, 365 (Fla. 2002) ("The scope of the Double Jeopardy Clause is the same in both the federal and Florida Constitutions."); Amend. V, U.S. Const. ("No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ."); Art. 1, § 9, Fla. Const. ("No person shall . . . be twice put in jeopardy for the same offense . . . ."). "[T]he essential determination is whether one charge against a defendant is for the 'same offense' as another charge against that

3

defendant. And for double jeopardy protection to apply, most succinctly put, the offenses must be 'the same *in law* and *in fact.*'" *Trappman*, 384 So. 3d at 747 (quoting *Burton v. United States*, 202 U.S. 344, 380 (1906)).

"[T]here is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments." *State v. Shelley*, 176 So. 3d 914, 917 (Fla. 2015) (quoting *Valdes v. State*, 3 So. 3d 1067, 1069 (Fla. 2009)). But, for cases where the Legislature has not expressly authorized separate punishments for two crimes arising from the same criminal transaction or episode, "[a] framework for analyzing . . . multiple-punishment double jeopardy questions is laid out in *Blockburger* [*v. United States*, 284 U.S. 299 (1932)]." *Trappman*, 384 So. 3d at 747, 749. *Blockburger* "addresses the distinct questions of how to determine both whether offenses are the same 'in fact' and whether they are the same 'in law.'" *Id.* "The first inquiry addresses whether conduct transgressing a single prohibition is subject to multiple punishments, and the second is aimed at determining whether a single act transgressing more than one prohibition may be punished separately based on the violation of the separate prohibitions." *Id.*

> Under *Blockburger*'s reasoning, multiple punishments for violations of a single criminal prohibition are permissible if the prohibition is aimed at singular acts—as opposed to a continuous offense or course of criminal conduct—and the defendant's conduct involves separate acts stemming from "successive impulses." And multiple punishments

4

for a single act that violates separate criminal prohibitions are permissible if the separate prohibitions each require proof of a fact not required to establish a violation of the other prohibition.

*Id.* (citations and footnote omitted).

> *Blockburger* ultimately provides courts with two tests to apply: (1) where the defendant is convicted multiple times under the same statute for acts that occurred during the course of a single criminal episode, a "distinct acts" test is used, but (2) where a defendant is convicted under multiple statutes for one act, the "different elements" test applies.

*Id.* (quoting *Graham v. State*, 207 So. 3d 135, 141 (Fla. 2016)).

The Florida Legislature codified the *Blockburger* "different elements" test in the "rules of construction" section of the Florida Criminal Code, which provides, in pertinent part:

> (a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

> (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction . . . . Exceptions to this rule of construction are:

> 1. Offenses which require identical elements of proof.

5

2. Offenses which are degrees of the same offense as provided by statute.

3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021(4), Fla. Stat. (2025). In *Trappman*, the Florida Supreme Court explained that this codification is "understood against the backdrop of *Blockburger*" such that "multiple punishments for a criminal act that violates multiple criminal provisions are precluded if the provisions fall outside the ambit of the last sentence of subsection (4)(a) or within the exceptions of subsection (4)(b). And nothing in the statute is inconsistent with *Blockburger*'s distinct acts test." 384 So. 3d at 750.

In *State v. Banda*, with the benefit of *Trappman*'s clarifications, we organized the *Blockburger* "distinct acts" test and "different elements" test, as codified in section 775.021(4), into "a three-part analysis to determine whether a double jeopardy violation occurred." 397 So. 3d 214, 216 (Fla. 6th DCA 2024).

> First, to implicate a potential violation, the offenses must occur "in the course of one criminal transaction or episode." Second, the "distinct acts" test . . . resolves whether a defendant's conduct constituted one criminal act subject to one punishment, or two successive acts subject to multiple punishments. Third, the statutory "different elements test," evaluates the charged offenses' elements and explores whether the offenses themselves fall outside the Legislature's general intent "to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction."

*Id.* at 216–17 (citations and footnote omitted).[1] The first two parts of our *Banda* analysis concern whether offenses are the same *in fact*—they are not if they occur in separate criminal transactions or episodes, or as distinct acts within the same transaction or episode. The third part concerns whether offenses are the same *in law*—they are not, even if occurring within the same criminal transaction or episode, if each requires proof of an element the other does not. In organizing the tests this way, we did not lose sight of "the importance of distinguishing between the two tests set forth in *Blockburger*." *Trappman*, 384 So. 3d at 754. "The analysis employed in determining whether offenses are the same 'in fact' is very different from the analysis employed in determining whether offenses are the same 'in law.'" *Id.* "Multiple punishments are precluded only when the charged offenses are *both* the same in fact and the same in law." *Id.*

B

Only the different elements test was at issue in *Banda*, 397 So. 3d at 217, but both *Blockburger* tests matter here. Under *State v. Shelley*, 176 So. 3d 914 (Fla. 2015), if Neu committed a single act of computer solicitation, then the different elements test prohibits punishment for both solicitation (count 6) and travel after

---

[1] For a pre-*Trappman* but otherwise similar formulation, see *Partch v. State*, 43 So. 3d 758, 760 (Fla. 1st DCA 2010), explaining, "In deciding whether separate offenses exist, absent clear Legislative intent, Florida law requires a three-step inquiry into whether the same offense has been charged multiple times."

solicitation (count 8). So, under *Lee v. State*, 285 So. 3d 1297 (Fla. 2018), we must look to the charging document to determine whether distinct acts of solicitation support punishment for both convictions. Because we cannot tell whether the amended information charges Neu for distinct acts of solicitation in counts 6 and 8, we must reverse.

1

The Computer Pornography and Child Exploitation Prevention Act, section 847.0135, Florida Statutes, prohibits both computer solicitation of a minor for sex and computer solicitation of a minor's parent for sex with the minor:

> Any person who knowingly uses a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
>
> (a) Seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice, a child or another person believed by the person to be a child, to commit any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any unlawful sexual conduct with a child or with another person believed by the person to be a child; or
>
> (b) Solicit, lure, or entice, or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,
>
> commits a felony of the third degree . . . .

§ 847.0135(3), Fla. Stat. The act likewise prohibits travel for sex with a minor after either computer child solicitation or computer parent solicitation:

> Any person who travels any distance either within this state, to this state, or from this state by any means . . . for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child *after* using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
>
> (a) Seduce, solicit, lure, or entice or attempt to seduce, solicit, lure, or entice a child or another person believed by the person to be a child, to engage in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child; or
>
> (b) Solicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,
>
> commits a felony of the second degree . . . .

§ 847.0135(4), Fla. Stat. (emphasis added).

In *Shelley*, the State charged "a single violation" of subsection (3)(b), prohibiting computer solicitation of a minor's parent for sex with the minor, and "a single violation" of subsection (4)(b), prohibiting travel for sex with a minor after computer solicitation of the minor's parent, and "relied upon the same conduct to

9

charge both offenses." 176 So. 3d at 916–17. "Based on the plain language of section 847.0135," the Florida Supreme Court held:

> the Legislature has not explicitly stated its intent to authorize separate convictions and punishments for conduct that constitutes both solicitation under subsection (3)(b) and traveling after solicitation under subsection (4)(b). Moreover, because the statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation, the offenses are the same for purposes of the *Blockburger* same-elements test codified in section 775.021(4) . . . . Therefore, double jeopardy principles prohibit separate convictions based upon the same conduct.

176 So. 3d at 919.

In the same way the elements of computer parent solicitation under subsection (3)(b) are subsumed within the elements of travel after computer parent solicitation under subsection (4)(b), the parallel elements of computer child solicitation under subsection (3)(a) are subsumed within the elements of travel after computer child solicitation under subsection (4)(a). Thus, under *Shelley*, a single act of solicitation—i.e., the "same conduct"—cannot support conviction and punishment for both solicitation and travel after solicitation, and Neu's punishments for his convictions on both count 6 and count 8 can only stand if the convictions are supported by distinct acts of solicitation.

10

In *Lee*, the Florida Supreme Court held, "consistent with *Shelley*, that to determine whether multiple convictions of solicitation of a minor . . . and traveling after solicitation of a minor are based upon the same conduct for purposes of double jeopardy, the reviewing court may consider only the charging document." 258 So. 3d at 1304. In so holding, the court resolved a conflict among the districts, quashing the First District's decision holding that a reviewing court could examine the entire record, and approving Second and Fifth District decisions to the extent they held a reviewing court could only consider the charging document. *Id.* at 1303–04. The *Lee* court reasoned, "A reviewing court's ability to find evidence in the record to support multiple convictions is insufficient to defeat a double jeopardy claim when nothing in the charging document suggests that the convictions were based on separate conduct." *Id.* Regarding the charging document at issue in the case, the court observed, "Considering only the information, it is impossible to know whether the jury convicted Lee of all three offenses based on the same act of solicitation," and, "the information does not make clear that the State relied on separate conduct to charge the offenses." *Id.* at 1304.[2]

---

[2] Neither *Shelley* nor *Lee* specified whether "same conduct" means the same criminal transaction or occurrence, relevant to the first part of our *Banda* double jeopardy analysis, or whether "same conduct" means a distinct act within a criminal transaction or occurrence, relevant to the second part of our *Banda* analysis. (*See*

Under *Lee*, to support conviction and punishment for both solicitation and travel after solicitation under section 847.0135, the charging document must "make clear" that the State "relied on separate conduct to charge the offenses." *Id.*[3] Here, the amended information charging Neu fails the test.

Count 6 charges solicitation occurring "between June 2, 2022 and June 3, 2022, while within the State of Florida," and count 8 charges travel after solicitation also occurring "between June 2, 2022 and June 3, 2022, in the County of Polk and the State of Florida." The identical dates and consistent locations indicate the same criminal transaction or episode, implicating a potential double jeopardy violation. *See Banda*, 397 So. 3d at 216. Neither count includes any other information

---

*supra* Part III.A.) *Cf. Lee v. State*, 223 So. 3d 342, 367 n.19 (Fla. 1st DCA 2017) (Bilbrey, J., concurring in part and dissenting in part) ("The majority equates the 'same conduct' in [*Shelley*] with a single act. But I read the 'same conduct' discussed in [*Shelley*] to mean the 'same criminal episode or transaction,' a separate consideration in the three-part double jeopardy analysis."), *decision quashed, cause remanded*, 258 So. 3d 1297 (Fla. 2018). In the absence of express differentiation by the Florida Supreme Court, we assume the *Lee* inquiry answers both questions: Does the charging document make clear that the State relied on separate criminal transactions or episodes to charge the offenses? If not, then, does the charging document make clear that the State relied on distinct acts within a single criminal transaction or episode to charge the offenses?

[3] In *Morejon-Medina v. State*, the Second District concluded, "The *Lee* opinion now requires that the charging document itself foreclose any possibility that the solicitation underlying the traveling charge was the same as that underlying the solicitation charge." 277 So. 3d 1118, 1121–22 (Fla. 2d DCA 2019). We do not here decide whether *Morejon-Medina*'s "foreclose any possibility" standard is more exacting than *Lee*'s "make clear" standard.

indicating that a distinct act of solicitation is charged in each. *See id.* at 216–217. Thus, while the dates and locations in counts 6 and 8 *could* encompass separate solicitations, "the information does not make clear that the State relied on separate conduct to charge the offenses." *Lee*, 258 So. 3d at 1304.

By contrast, each of counts 1 through 5 of the information charge Neu with a separate transmission of harmful material to a minor—each count *states* that the conduct charged is "separate and distinct from" the conduct charged in all the others. We do not prescribe that the State must use the language "separate and distinct from" to make clear its reliance on separate conduct—for example, the State can differentiate conduct in a charging document by "time, place, or circumstances." *Trappman*, 384 So. 3d at 754 (quoting *Hayes v. State*, 803 So. 2d 695, 704 (Fla. 2001)). But the "separate and distinct from" language charging counts 1 through 5 against Neu illustrates *one* way the State *might* make clear that it relies on separate conduct in charging multiple violations of the same prohibition or multiple offenses with overlapping elements. *Cf. Lee v. State*, 223 So. 3d 342, 375–76 (Fla. 1st DCA 2017) (Makar, J., concurring in part, dissenting in part) ("Carefully crafted counts . . . are workable in most, if not all, cases. . . . Charging one count each of traveling and solicitation, without specifying they're based on different conduct, is a recipe for double jeopardy disaster.").

## IV

Punishing Neu for both solicitation and travel after solicitation, as charged, violates the double jeopardy prohibition against multiple punishments for the same offense—the offenses are the same in law under *Shelley*, and the same in fact under *Lee*. We reverse the judgment of conviction on the lesser crime of solicitation, count 6, and reverse the sentence. We remand for entry of amended judgment and resentencing on counts 7 and 8. *See Shelley*, 176 So. 3d at 919–20.

REVERSED and REMANDED with instructions.

NARDELLA and MIZE, JJ., concur.

Blair Allen, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and William C. Shelhart, Assistant Attorney General, Bartow, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED