FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2025-0345
_____

ANTONYO WOODS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
J. Lee Marsh, Judge.

June 24, 2026

PER CURIAM.

Following a jury trial, Antonyo Woods appeals his conviction and sentences for one count of first-degree felony murder and two counts of aggravated child abuse by great bodily harm. We affirm and write to address two issues.

Woods first claims that his two child abuse convictions violate double jeopardy because they charge the same offense and overlapping time periods. *See Lee v. State*, 258 So. 3d 1297, 1304 (Fla. 2018). But "for double jeopardy protection to apply, most succinctly put, the offenses must be 'the same *in law* and *in fact*.'" *Trappman v. State*, 384 So. 3d 742, 747 (Fla. 2024) (quoting *Burton v. United States*, 202 U.S. 344, 380 (1906)). Although the dates of the two counts overlap, and they are the same in law, the indictment makes separate factual allegations as to each count. As

the Court in *Trappman* made clear, "multiple punishments may be imposed for distinct acts springing from successive impulses to violate a single criminal prohibition in the course of a single criminal episode." *Id.* at 756 (citing *Blockburger v. United States*, 284 U.S. 299 (1932), and *Graham v. State*, 207 So. 3d 135 (Fla. 2017)).

Woods next argues that gruesome and cumulative autopsy photographs of the two-year-old victim were more prejudicial than probative. *See* § 90.403, Fla. Stat. (2025). However, the trial judge did not abuse his discretion in determining that the probative value of the photographs outweighed their prejudicial effect. *See Hampton v. State*, 103 So. 3d 98, 115 (Fla. 2012) (citations omitted) ("The admission of photographic evidence of a murder victim is within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent abuse.").

The State had to establish that the victim's injuries were caused by another person rather than an accident, and the injuries were sufficient to cause the victim's death or great bodily harm. The photos of the internal injuries established that the injuries and death was not an accident, and the injuries were severe. The photos of the internal injuries also helped establish their timing and that they occurred in Woods' care. Here, given the relevance, the allegedly gruesome nature of the photos did not result in unfair prejudice that outweighed the significant probative value of the photos. *See Seibert v. State*, 64 So. 3d 67, 88 (Fla. 2010) (photograph of murder victim's dismembered body was admissible at a murder trial because it was relevant to show premeditation, consciousness of guilt, sequence of events, and crime scene).

AFFIRMED.

LEWIS, BILBREY, and WINOKUR, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

2

Jessica J. Yeary, Public Defender, and Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Michael Schaub, Assistant Attorney General, Tallahassee, for Appellee.